No. 6049.

Mrs. Leda Forstall, Wife of O. C. Olivier, vs. Widow Edmond J. Forstall; and Widow Edmond J. Forstall vs. Widow V. Choppin et al. Consolidated.

Where there has been no testamentary disposition of the disposable share of the predeceased husband or wife in the community, the survivor shall be entitled to a usufruct, during his or her natural life, of so much of the share of the deceased in such community property as may be inherited by his or her issue proceeding from said marriage.

The condition upon which the survivor shall have a usufruct is, that the predeceased husband or wife shall not have disposed of his or her share—that is the share that he or she was permitted by law to dispose of.

In the case at bar the disposable *quantum* was one-third of the property of the deceased; and the surviving widow has acquired this third in full ownership by testamentary disposition.

If the usufruct of the share of the deceased was more desirable than the full ownership of one-third thereof, the surviving widow could have renounced the legacy. As she prefers the rights acquired by the will to those accorded to her by law, she has no cause to complain. She can not hold both.

APPEAL from the Parish Court, parish of St. James. *Landry, J. S. M. Bérault,* for widow E. J. Forstall, executrix and appellant; *Legendre & Poché* and *Victor Olivier, Jr.,* for Mrs. Leda Forstall and Edmond

and Gustave Forstall, appellees; *Robt. G. Dugué* and *R. Hunt*, for Mrs. V. and Mrs. R. F. Choppin, appellees.

WYLY, J. This is a controversy between the surviving widow and universal legatee of Edmond J. Forstall and the children, the forced heirs, in regard to the share of the deceased in the community property; the widow contending that she is entitled to one-third the disposable *quantum*, and to a usufruct of the two-thirds reserved by law to the numerous heirs of the deceased; and the heirs contending that they are entitled in full ownership to the two-thirds reserved to them by law.

The question has been very fully discussed in the oral and written arguments of the learned counsel engaged in this litigation. We, however, find no *difficulty* in arriving at a satisfactory conclusion.

Article 916 of the Revised Code declares that " in all cases when the predeceased husband or wife shall have left issue of the marriage with the survivor, *and shall not have disposed by last will and testament of his or her share in the community property,* the survivor shall hold a usufruct during his or her natural life of so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."

Article 1493 of the Revised Code declares that " donations *inter vivos* or *mortis causa* can not exceed two-thirds of the property of the disposer, if he leaves at his decease a legitimate child; one-half if he leaves two children; and one-third if he leaves three or a greater number."

Edmond J. Forstall disposed in favor of the surviving widow by last will and testament, bequeathing to her his share of the community property. As there are more than three legitimate children the legacy must be reduced to one-third, and the heirs are entitled in full ownership to two-thirds of the property of their father.

The surviving widow is not entitled to the usufruct of this two-thirds, because the deceased disposed by last will and testament of his share of the community property. Article 916 must be construed with article 1493. Taken together, the meaning is: Where there has been no testamentary disposition of the disposable share of the predeceased husband or wife in the community property, the survivor shall be entitled to a usufruct during his or her natural life of so much of the share of the deceased in such community property as may be inherited by such issue. The condition upon which the survivor shall have a usufruct is, that the predeceased husband or wife shall not have disposed of his or her share, that is the share that he or she was permitted by law to dispose of. In the case at bar the disposable *quantum* was one-third of the property of

the deceased, and the surviving widow has acquired this in full ownership by testamentary disposition.

If the usufruct of the share of the deceased was more desirable than the full ownership of one-third thereof, the surviving widow could have renounced the legacy. As she prefers the rights acquired by the will to those accorded to her by law she has no cause to complain. She can not hold both.

The case of Matthews vs. Matthews. 13 An. 197, cited by the counsel of the universal legatee, was not like the one before the court.

It is therefore ordered that the judgment herein in favor of the heirs of Edmond J. Forstall, appellees herein, be affirmed with costs.

Rehearing refused.