### No. 7911.

### Succession of John B. Schiller.

A testator has made his will in the following words, viz : "It is my will and desire that my debts be paid and that my estate be distributed among my legal heirs, according to the laws now in force in Louisiana."

He left at his death a widow in community and three children.

Has he, by such a will, disposed of his share of the Community property and thereby deprived his widow of the usufruct of the same?

Decided affirmatively.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

---

*Miller, Finney & Miller* and *Joseph Brewer* for Plaintiffs and Appellants.

The words "It is my will and desire that my estate be distributed among my legal heirs, according to the laws now in force in Louisiana," used by the testator in his act of last will, are clearly disposable words in favor of his heirs, in this case, his children ; and the will must be held to be a testamentary disposition, in their favor, of his estate.

The statutory usufruct of the widow, to the one-half of the community, belonging to the deceased spouse, exists only when the testator has not by his will disposed of that share. R. S. sec. 629.

*Thos. J. Semmes* for Defendant and Appellee.

Such a will contains no disposition of property, because there is no *determinate legatee*. The word "heirs" describes no *fixed class* of persons so long as the party using it is alive.

The testator not having disposed by will of his share of the Community property, his widow is entitled to the usufruct.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   John B. Schiller died, leaving a will containing, among other provisions, the following disposition :

"*It is my will and desire that my debts be paid, and that my estate be distributed among my legal heirs, according to the laws now in force in Louisiana.*"

Shortly after his death, his widow, contradictorily with his executor, obtained a judgment recognizing her as the owner of the undivided half of the property composing the community between them, and as usufructuary, during her widowhood, of the remaining half, the naked ownership thereof accruing to their three children, *then minors.*

One of these becoming of age, brought this suit to annul this judgment, claiming that as Schiller has, by such will, *disposed* of his share in the community, such share cannot be so held in usufruct, and that the entirety of such share, ownership and right of enjoyment have, from the time of his death, absolutely vested in his legal heirs, that is, his *three* children, share alike.

Judgment having been rendered defeating plaintiff's action, she has appealed therefrom, and now prays for its reversal and for the recognition of her rights.

The question presented simply is :

Whether, by the phrase used, Schiller has, or not, *disposed* of his share in the community.   If he has, his three children have inherited his half therein, *free* from their mother's usufruct.   If he has not, they have inherited it, *subject* to that usufruct during her widowhood.

It is perfectly clear that Schiller has made *a will;* for it is patent that he has *disposed* of his property, in view of death, and in proper form.   R. C. C. 1571, 1570 ; C. N. 967 ; 15 A. 209.

It is manifest that he has disposed of his estate, that is, of all the property belonging to him at his death, in favor of certain persons and in a certain proportion.   That property consisted of his half in the community between him and his wife ; those heirs are their legal issue, *three* in number ; that proportion is one third to each.   R. C. C. 887, 1606, 1607 ; C. N. 1003, 1004 ; 12 R. 645.

The disposition does not indicate, in any degree, any condition or restriction.   It is peremptory.   It is clear and unambiguous.   It violates no law.

Property passes by succession, as well by the effect of law as by the effect of a will, which has the force of law whenever it contravenes no prohibitory legislation. When a person owning property dies, leaving *no* will, the law is to be considered as his will. The property which he leaves passes as the law provides, as to persons and proportion. When a person owning property dies, leaving a will, the presumption arises instantly that such person has designed thereby to dispose, after his death, of his property, in a manner which the law would not, in the absence of such will, have made of it ; in other words, that such person has intended to confer a benefit which, in the absence of such will, would not have accrued.

*Legatum est delibatio hereditatis qua testator, ex eo quod universum heredis foret, alicui collatum velit.* D. L. * * * L. 116 ; L. 11 Inst.

It cannot be supposed, where a person declares intentions, *mortis causa*, that such person does so for the mere purpose of confirming the disposition which the law would have made of his property in the absence of a will, for that would be doing a vain thing. A person that makes a will is to be presumed to own property, and to be desirous of disposing of it in a manner in which the law would not convey it, in the absence of such will. The presumption is, therefore, that such person designed to substitute his will to the provisions of the law, and so to derogate, entirely or partially, from the disposition which the law would have made of his property without such will. This is true, also, even as to the *title* of the bequest, or testamentary disposition.

Testators, like all other donors, are subject to human weaknesses. They know that they have a right to dispose of their property, in any case, to a certain extent, due regard had to creditors and forced heirs ; and they often desire to impress upon their preferred ones that they inherit from them, not by effect of law, but by the power of their will, because it is their pleasure to benefit them, when they could have legally avoided doing so—*quia placet.*

In this case, it is evident that Schiller intended to dispose of his property in a manner in which the law would not have disposed of it in the absence of a will.

He says that it is his will and desire * * * that his estate be *distributed* among his legal heirs, according to the laws then in force in Louisiana.

By using this language, and particularly the word *distributed,* he clearly intended that his wife should not have the usufruct of his half in the community, and that such half should accrue unburdened, and be delivered at once, to his three children, at his death, to be partitioned and distributed, share alike, among them. 7 L. 230.

He had a right to do so ; he has done so. His will must be executed. 13 L. 7 ; R. S. 629 ; R. C. C. 1493.

The children inherit the naked ownership of two-thirds of the half of their father in the community property by the *effect* of law ; they inherit the remaining third, and the enjoyment of the entire half, to the exclusion of their mother's usufruct, by the effect of the *will* of their father, who, by abstaining from making any will, could have permitted his wife to enjoy such half as usufructuary during her widowhood ; or who, by making a will, could have disposed of one-third of his estate in favor of any one he pleased.

The judgment attacked should be admitted, and the rights of the plaintiff recognized.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed and set aside; and, proceeding to render such judgment as should have been rendered, it is ordered and decreed that the judgment described in the petition be annulled and avoided, and that the rights of the plaintiff, as stated in the prayer of said petition for an account and for a liquidation and partition of the succession of the deceased, in due course of law, be recognized and enforced, the defendant and appellee to pay costs in both courts.

---

## ON APPLICATION FOR REHEARING.

The distinguished counsel of the widow of the deceased concedes that J. B. Schiller has made a will valid in form, but he denies that Schiller has thereby disposed of his estate, that is, of all the property belonging to him at his death, in favor of certain persons, and in certain proportions. He contends that there was no disposition of property, because there was no *determinate legatee*, and asks what heirs, what proportion, the testator meant. Practically, he demands the nullity of the will.

The undisputed facts of the case do not justify an interpretation of the will of the deceased, which on its face, is perfectly unambiguous and clear, and requires no construction.

On the third of July, 1865, when the will was made, on the twenty-ninth of December, 1869, when Schiller departed this life, his only presumptive heirs were the issue of his marriage with his surviving wife.

The laws, which were in force at the date of the will and at the death of the testator, on the subject of the successions, legal and testamentary, and of the disposable portion, were the same, not having been changed in the interval.

The testator, at the date of his will, considered that his three daughters, who were then his presumptive heirs, and whom he termed in the instrument his legal heirs, should be the recipients of all his favors, and should inherit from him what property he would leave; and he continued to his death so to view them, as he has not altered his will.

The words "*legal heirs*," used by him, have a legal meaning, and clearly indicate those who were to inherit his fortune. 7 A. 267 ; 14 A. 639 ; 5 A. 146 ; Abbott L. D. *vo.* Heir, 556 ; Wigram on Wills, 2 vol. p. 297, § 2 ; Journal du Palais, 1811, p. 4.

We are referred to the decision in the Succession of Mrs. Walker, 32 A. 323, to show that, where a parent institutes his forced heir his universal legatee, there is no testamentary disposition. The Court did not so rule. What was there decided is, that in such a case, when there are no debts and no legatees to satisfy, the appointment of an executor was cumbersome and inoperative.

We find the intentions of the testator couched in unequivocal language, and the disposition which he has made of his property authorized by law.

At his death one half of the community assets accrued to his widow *under the law* ; two-thirds of the naked ownership of the remaining half accrued to his three forced heirs, also, *under the law*, which the testator, far from overriding, confirmed.

The remaining third, and the right of usufruct, or enjoyment of the two first thirds, which otherwise would have accrued to his surviving wife, the testator bequeathed absolutely to his three daughters, his forced, his "legal heirs," who take the same, unrestricted *by the power of his will*.

The law does not favor the dismemberment of real estate.

In justification of our refusal to construe the will of the deceased differently from what we have, we can only repeat the language used by Chief Justice Martin on a similar occasion :

"Candles are not to be lighted when the sun shines brightly." Theall vs. Theall, 7 L. 230.

Rehearing refused.