(36 South. 795.)

No. 15,069.

DERBY v. DANCEY.

(June 6, 1904.)

DIVORCE—SEPARATION—SUMMONS AND NOTICE.

1. The summons and notices by which the abandonment of the wife by the husband is required by article 145, Civ. Code, to be made to appear, cannot be given within shorter periods than the law directs, but it is no obstacle to a legal judgment of separation from bed and board that they should have been made with longer intervals between them than the statute fixes.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Catherine Thelma Derby against James Edward Dancey. Judgment for defendant, and plaintiff appeals. Reversed.

John G. Robin, for appellant. John Taylor Whitaker, curator ad hoc, for appellee.

Statement of the Case.

NICHOLLS, J. The plaintiff alleged that she married the defendant on February 24th; that since her marriage she had done all in her power to please and oblige him, and had behaved as a kind and dutiful wife; that he, on the contrary, in disregard of his marital obligations, from the beginning of their union had been harsh and cruel towards her, abusing her, and did actually one week after their union abandon her; that, after the notices required by law, and citation in case, on her husband's part to return to the matrimonial home, she was entitled to a separation from bed and board, to be followed thereafter by a final judgment of divorce as provided by law.

Alleging that her husband was an absentee, she prayed that an attorney be appointed to represent him; that he be cited; that the notices be given as required by article 145 of the Civil Code; and that she be granted a judgment of separation from bed and board. The court authorized the plaintiff to institute the action, appointed the defendant Joseph Brewer curator ad hoc to represent the defendant, and ordered the usual reiterated summons from month to month to be given. On the same day, notice of his appointment as curator ad hoc was served personally upon the defendant. On the same day the district court signed an order commanding the husband, Dancey, to return to his matrimonial domicile. A copy of this order was served to the husband in person upon the curator ad hoc on the same day.

On the 28th of November the defendant,

through the curator ad hoc, answered pleading the general issue. Copies of this order to the husband to return to the matrimonial domicile were served personally upon the curator ad hoc on the 9th of December, and January 12, 1903.

On April 13, 1903, the court rendered judgment in favor of the plaintiff against her husband, condemning him to return to the matrimonial domicile, and ordering that copies of the judgment be served upon him.

Notices of this judgment were served upon the defendant by service personally upon the curator ad hoc on the 14th of April, 1903, on the 29th of May, 1903, and on the 1st of July, 1903.

On the trial of the case itself the district court rendered judgment in favor of the defendant, dismissing plaintiff's action as in case of nonsuit. Plaintiff appealed.

### Opinion.

The ground assigned by the court for its action was that the proceedings required by article 145 of the Civil Code as conditions precedent to the judgment asked had not been complied with, using the following language:

"The only ground for a separation on which this action is based is that of abandonment on the part of the husband, but the proceedings required by article 145 of the Civil Code have not been complied with, and the action by plaintiff fails. This article provides that the abandonment with which the husband or wife is charged must be made to appear by three reiterated summonses made to him or her from month to month, directing him or her to return to the place of the matrimonial domicile, and followed by a judgment which has sentenced him or her to comply with such request, together with a notification of said judgment given to him or her from month to month for three times successively. The summons or notification shall be made to him or her at the place of his usual residence if he or she lives in the state, and, if absent, at the place of residence of the attorney who shall be appointed to represent the absentee. The law presupposes the possibility of a reconciliation of the parties, and its policy is to bring them together again, and no separation can be decreed for cause of abandonment without a strict compliance with all the requisites of this article. In the case of Merrill v. Flint, 28 La. Ann. 197, the Supreme Court says: 'In Bienvenu v. Buisson, 14 La. Ann. 387, it was held that a particular form of procedure is required by the Code for obtaining a decree of separation on the ground of abandonment, and that form must be pursued to obtain relief.'

"In the present case the form of procedure required by article 145 has not been complied with. The three reiterated summonses directing defendant to return to the place of the matrimonial domicile were served upon him regularly from month to month, viz., on November 5 and December 9, 1902, and January 13, 1903. These summonses were followed by a judgment which sentenced him to return to the matrimonial domicile, but the notification of the judgment was served upon or given to him only on April 14 and May 29, 1903, and not 'from month to month for three times successively,' as required by article 145.

" 'From month to month' refers to calendar months, and no notification of judgment was made in June, 1903. A service in May, and again in July, is not a service made 'from month to month.' A month is a definite period of time, commencing on the 1st day thereof, and ending on the 28th, 29th, 30th, or 31st day. In construing the meaning of a 'week,' the Supreme Court of the United States held it to be a calendar week, 'commencing on Sunday and ending on Saturday.' Ronkendorff v. Taylor's Lessee, 4 Pet. 360, 7 L. Ed. 882. The same interpretation has been adopted by the state Supreme Court in the case In re City of New Orleans,

52 La. Ann. 1078, 27 South. 592; Hansen v. Mauberret, 52 La. Ann. 1567, 28 South. 167; and Schenck v. Schenck, 52 La. Ann. 2102, 28 South. 302.

"But there is no room here for interpretation. Article 145 says that the notices of judgment are to be given not only 'from month to month for three times,' but that they are to be given 'from month to month for three times successively.' 'Successively' means by succession; in a series; one after another; consecutively. The months of April, May, and July are not in succession. They are not in a series. One is not after the other. They are not consecutive. The notices of judgment given in April, May, and July were not given 'from month to month for three times successively.'

"The Legislature has not used language which is involved or dubious in article 145. That language clearly expresses the law which is to govern the courts in rendering the judgment, and, 'when a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.' Article 13, Civ. Code. The intention of the Legislature is manifested by the language used in the rule of evidence embodied in article 145, and Chief Justice Eustis said, in a suit based upon abandonment: 'Sound policy requires that there should be no relaxation of these rules, especially in proceedings of this kind, which involve the fate of individuals and the most important interests of society.' Perkins v. Potts, 8 La. Ann. 14.

"The court is not concerned with the wisdom of the law contained in article 145, or whether a deviation therefrom might not result in equivalent justice being done. It is the duty of the court to apply the law as it is adopted by the Legislature."

Counsel of plaintiff urges that the intent and purpose of the law in matters of separation from bed and board, as well in any other legal matter, is to give to defendant as much time as possible to answer summons or citation, as the case might be, and that it was for this very reason that the law places the minimum time to be given defendant in cases of separation from bed and board (between each summons and notice of judgment) as at least one month; that it could not be contended that, because a plaintiff should have given more time to her husband to comply with the summons and notices of judgment, she could not recover. Under this doctrine, a plaintiff would be forced to confirm his default within three days after it was taken; otherwise he would have to take a new default.

The district court erred in requiring such strictness as it did in the observance of the provisions of article 145 of the Civil Code. The decisions in Bienvenu v. Buisson, 14 La. Ann. 386, and Merrill v. Flint, 28 La. Ann. 197, did not go as far in the direction of strictness as the court did in this instance.

In both of the cases cited the requirements of article 145 of the Civil Code as to summons and notices of judgment were absolutely ignored, and the cases went to trial and judgment as would a demand for separation from bed and board based upon other cause than that of abandonment, and upon such evidence as would in such other cases have justified a judgment. In other words, the abandonment of the wife by the husband was proved, a simple demand by her to him in pais to return was proved, his failure to return upon that demand was proved, and upon that evidence judgment was given. The court very correctly in those cases set aside the judgment which had been rendered. In the present instance all the summonses which the law required were given, as well as also all the notices of judgment; the only objection to the same being that too long an interval was given between the services. Had the services been made within periods short of that required by law, the objection raised would be good. It is not exacted that

the terms of the law should be rigidly complied with, when more time is accorded the defendant to return than he could legally require.

The judgment of the district court is erroneous, and, for the reasons assigned, it is hereby annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that the plaintiff, Catherine Thelma Derby, do have, and she is hereby given, judgment in her favor against her husband, James Edward Dancey, separating her from bed and board from her said husband. It is further ordered that defendant Dancey pay the costs of suit.