LAND, J.
Mrs. E. C. Maloney died in Biloxi, Miss., in July, 1909, leaving a last will and testament, which was duly probated in that state. The testatrix devised and bequeathed unto her three unmarried daughters, Adele, Alice, and Agnes, all real, personal, or mixed property which she possessed in said city of Biloxi. After this disposition, the testament continues as follows:
“My interest of whatever character and where-ever situated, outside of said city of Biloxi, Mississippi, I leave to' be disposed of according to the laws where the same may be, my husband and my married children being able to provide for themselves, and my said above legatees having no one to care for them, and' desiring to leave them a home, is the reason for my devise above stated.”
The property of the testatrix in the state of Louisiana consisted of her undivided interest in the community which existed between her and her husband.
Harry I-I. Maloney, named as executor in the will, petitioned the civil district court for the parish of Orleans to be appointed administrator of the succession of his deceased mother. This application was opposed by Dr. Maloney, the surviving husband, on the grounds that the testament of the deceased made no disposition of her property in the state of Louisiana; that no administration was necessary; and that he was entitled to be sent into possession of the community property as owner and usufructuary.
The opposition was sustained, and judgment was rendered in favor of Dr. Maloney sending him into possession of all the community property. Harry H. Maloney appealed, but his appeal was dismissed. See record No. 17,929, 124 La. 672, 50 South. 647.
The present proceedings were instituted by Thomas B. Begg, claiming to have purchased at sheriff’s sale the one-eighth undivided interest of Robt. J. Maloney,’ in the succession *916 of Ms mother, Mrs. Elizabeth O. Maloney. The petitioner prayed that the will made by the decedent be probated and executed; that the judgment sending Dr. Maloney into possession be decreed null and void as to petitioner; that the property described in the inventory of the succession be partitioned between petitioner and the other heirs; that said property cannot be conveniently divided in kind; and that it be decreed that Dr. Maloney has no usufruct of the interest of the decedent in the said community property.
Three of the defendants, to wit, Alice, Adele, and Agnes Maloney, joined the petitioner in his demands. The other defendants filed sundry exceptions and pleas to the petition, and averred that the deceased died intestate as to her property interests in the state of Louisiana.
There was judgment ordering the will to be filed and registered, but decreeing that it was inoperative on property in the state of Louisiana, and maintaining and quieting Dr. Maloney in his usufructuary rights, and dismissing the petition with costs.
The petitioner and Alice, Adele, and Agnes Maloney have appealed. Dr. Maloney died pending the appeal, and Ms heirs have been made parties.
The crucial question in the case is whether the testament of the decedent disposed of her share of the community property in the state of Louisiana. Civ. Code, art. 916.
All of the dispositions of the testament must be construed together in order to ascertain the intention of the testatrix. After devising and bequeathing all her property in Biloxi to her three unmarried daughters, the testatrix “leaves” the remainder to be disposed of according to the laws of the situs. In the Schiller Case, 33 La. Ann. 1, cited by appellants, the disposition read as follows:
“It is my will and desire that my debits be paid, and that my estate be distributed among my legal heirs, according to the laws now in force in Louisiana.”
The court correctly construed this disposition as excluding the legal usufruct of the wife, because the estate was distributed by the will among the children, or legal heirs, of the testator. The court said:
“He says that it is his will and desire * * * that his estate be distributed among his legal heirs, according to the laws in force in Louisiana.
“By using this language, and particularly the word ‘distributed,’ he clearly intended that his wife should not have the usufruct of his half in the community, and that such half should accrue unburdened, and be delivered at once, to his three children, at his death, to be partitioned and distributed, share alike, among them.”
In the case at bar, nothing is willed to the legal heirs; but, if there be a testamentary disposition of the remainder of the property according to law, the husband would take the usufruct and the legal heirs the naked ownership of the estate in Louisiana.
We think, however, that it is obvious on the face of the will that the testatrix did not dispose of her property in Louisiana, and made the testament for the sole purpose of disposing of her property in Biloxi in favor of her three unmarried daughters. As a matter of fact, the testatrix clearly states her intentions, and gives reasons why she made no bequests to her other children, and to her husband.
We think that the trial judge properly held that Dr. Maloney was entitled to the usufruct, and that the testament was without force and effect on the estate situated in the state of Louisiana. As the death of Dr. Maloney has terminated the usufruct, there is now no good reason why the estate should not be partitioned.
It is therefore ordered that the judgment below be affirmed, with the reservation of the right of the plaintiff, Thomas B. Begg, to institute a suit for the partition of the property of the estate of Mrs. Elizabeth O. Maloney, according to law; cost of appeal to be paid by the appellees.