## Succession of LYNCH.*

### No. 14065.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

Earl K. Long and Nicole E. Simoneaux, both of New Orleans, for appellant.

McCloskey & Benedict, of New Orleans, for appellee.

WESTERFIELD, J.

The question presented by this appeal is whether Mrs. Bertha Armanda Lynch, surviving widow of Dr. Robert Clyde Lynch, should be taxed under Act No. 127 of 1921, Extra Session (the Inheritance Tax Law), upon a certain usufruct established in her favor by her deceased husband in his last will and testament.

The state of Louisiana, the proponent of the tax, contends that the usufruct of Mrs. Lynch is testamentary and, consequently, liable for the tax, while, on behalf of the succession of Dr. Lynch, it is argued, in the first place, that usufruct is not taxable under the Inheritance Tax Law of Louisiana and that, in any event, the will did no more than confirm the usufruct established by law in favor of the surviving widow, conferring no benefit and bestowing no inheritance upon which a tax may be collected.

Dr. Robert Lynch, who died May 12, 1931, left a will dated April 25, 1928, in which he made certain bequests, established a trust fund of his separate property in favor of his two surviving sons, and the residuum (community property) he willed "in equal proportion to my said sons, subject, however, to a testamentary usufruct for life in favor of my wife."

Deceased left only two children, the sons referred to in the quotation from his will. Consequently his disposable portion was one-half of the community property. Rev. Civ. Code, art. 1493.

Article 916, Rev. Civ. Code, provides:

"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."

Act No. 127 of 1921 (Ex. Sess.), the Inheritance Tax Law of the State of Louisiana, levies a tax on all inheritances, legacies, donations, and gifts made in contemplation of death and declares that the tax shall have application "with respect to all property of every nature and kind included or embraced in any inheritance, legacy or donation or gift made in contemplation of death, including all personal property physically in the State of Louisiana." Section 2. Section 23 of the act reads, in part, as follows:

"In fixing the value of any legacy or donation mortis causa which consists in whole or in part of an annuity or usufruct or right of use or habitation, the court shall consider the expectancy of life of the legatee or donee according to the table known as the American Experience Table of Mortality at six per cent per annum compound interest."

The act then copies the American Experience Mortality Tables from twenty years of age to seventy and then gives the value per dollar at 6 per cent. compound interest due from one to one hundred years hence, the section concluding with the following:

"The value of said usufruct or right of use or habitation, determined as herein provided, shall be deducted from the value of the property on which it rests, in arriving at the value of the said property for the purpose of fixing the inheritance tax due by the person or persons inheriting the same."

It is contended that section 23 is concerned with the value of the naked ownership and not the usufruct, and that, since it does not elsewhere appear in the act that the Legislature intended to tax a usufruct, unless they may be considered as embraced within the omnibus provision of the law taxing "all property of every nature and kind included or embraced in any inheritance, legacy or donation or gift," et cetera, a usufruct is not subject to the inheritance tax. In the first place, it is said, usufruct is a right ad rem and not in re, for, as defined by Rev. Civ. Code, art. 533, it is "the right of enjoying a thing, the property of which is vested in another." The Legislature intended to and did tax the res, but not the right or privilege of enjoyment for a limited period. But we find, in Succession of Baker, 129 La. 74, 55 So. 714, 721, Ann. Cas. 1912D, 1181, that our Supreme Court has held that a testamentary usufruct is taxable as an inheritance:

"She [Mrs. Baker] also inherits the usufruct of the other one-third of the separate property amounting to $19,583.33. As she is now 58 years of age, she has 15 years of life expectancy, according to the American Experience Table of Mortality. On a basis of 6 per centum per annum, compound interest, fixed by the statute, the present value of the usufruct is $0.582734 for each dollar of capital invested, so that the cash value of said usufruct is $11,411.67, which must be added to the value of the property inherited in full ownership; and accordingly the total amount on which the widow owes a tax is $80,062.37."

■ ■ It is true that in the lengthy opinion in the Baker Case there is no discussion of the point here raised. Yet, in view of the dictum which we have quoted and the practical application of the statute with its mortality table to the estimation of the value of the usufruct, we do not feel at liberty to consider the question as an open one and conclude that usufructs are taxable, as other property, under the inheritance tax laws of this state.

Dr. Lynch died possessed of both separate and community property. His widow was given no usufruct of his separate property, which was set aside as a trust fund for the benefit of his two sons, his only children and forced heirs. As to the community property he made such disposition of it as the law itself would have made in the absence of a will, giving it in equal parts to his two sons, his only children, and subjecting it to a usufruct in favor of his widow for life, the only difference in the testamentary usufruct created by Dr. Lynch and that which, in an intestate succession, the law itself would have conferred upon his widow, is that in the one case the usufruct endures for life without qualification and in the other it is subject to forfeiture upon remarriage. The contention on behalf of Mrs. Lynch is, in the language of counsel, that "a will which orders a devolution of property in exact accordance with law and which confirms the usufruct over such property gives nothing to the survivor which may be taxed," and it is contended that the removal of the qualification concerning the remarriage added nothing to the value of the usufruct, creating merely a distinction without a difference.

■ As has been noted, article 916, Rev. Civ. Code, confers a usufruct upon the surviving spouse "when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property." This article must be construed in connection with article 1493, limiting the testamentary capacity and establishing the légitime in favor of the children of the testator.

"Article 916 must be construed with article 1493. Taken together, the meaning is: Where there has been no testamentary disposition of the disposable share of the predeceased husband or wife in the community property, the survivor shall be entitled to a usufruct during his or her natural life of so much of the share of the deceased in such community property as may be inherited by such issue. The condition upon which the survivor shall have a usufruct is, that the predeceased husband or wife shall not have disposed of his or her share, that is the share that he or she was permitted by law to dispose of." Forstall v. Forstall, 28 La. Ann. 198.

In the Succession of Schiller, 33 La. Ann. 1, a case which did not involve the question of an inheritance tax, having been decided before the adoption of that law, the question before the court was the effect of the following will upon the legal usufruct established by article 916, Rev. Civ. Code:

"It is my will and desire that my debts be paid, and that my estate be distributed among my legal heirs, according to the laws now in force in Louisiana."

In other words, whether, by the use of such phraseology, the testator had disposed of his share in the community, so as to defeat the usufruct, or whether it was simply an affirmance of the method of distribution which the law itself provided for, as in intestate succession. The court held that the widow was not entitled to the usufruct because Schiller had disposed of his share in the community. In the first place, the court said that when a person makes a will the presumption instantly arises that his intention is to dispose of his property "in a manner which the law would not, in the absence of such will, have made of it; in other words, that such person has intended to confer a benefit which, in the absence of such will, would not have accrued." The court then went on to say that Schiller intended to change the legal method of distribution of his property and that he had done so in a manner permitted by law, having distributed it "according to the laws then in force in Louisiana." The widow's usufruct did not attach and his heirs took his property unincumbered by such charge.

In Succession of Marsal, 118 La. 212, 42 So. 778, the court held that in an intestate succession the usufruct which the law gives the surviving spouse is not acquired by inheritance and, consequently, not subject to tax. This case, which is cited by both counsel, does not seem to be of much assistance in determining the issue before us. The other authorities cited by counsel are also of little help in the present discussion.

 If we accept the view of defendant's counsel to the effect that a testamentary disposition which tracks the law of intestacy gives nothing and warrants no tax, a view which finds some support in the adjudged cases, the issue before us can be narrowed to a consideration of whether Dr. Lynch has conferred upon his widow anything by his will. As was said in the Schiller Case, the presumption immediately arises that he intended, by the mere act of making a will, to confer some privilege which the law itself did not give, and he undoubtedly did give his wife the privilege of remarriage without forfeiture of the usufruct, a privilege she would not have enjoyed without his will. Whether that privilege, if indeed, it be a privilege, may be valued with sufficient legal certainty to be the basis of a tax, is another matter.

Counsel in his brief suggests that in this situation we should remand the case in order that its value may be determined as nearly as may be by the lower court. It will be remembered that the usufruct established by article 916 is for the natural life of the usufructuary, defeasible only in the event of a second marriage. The testamentary usufruct under consideration here is also for the natural life of the beneficiary, but without qualification as to remarriage. The difference therefore is that in the one case enjoyment of the usufruct is incompatible and impossible with a second husband, while in the other it is not necessary to choose between the two. It might be here remarked that this is an important distinction and one which is opposed to the very policy of the law, which, by imposing the penalty of forfeiture of the usufruct, would discourage the remarriage of the surviving spouse holding the property of the issue of a former marriage in usufruct. The will in this case, therefore, might be said to be subversive of the established public policy of this state and, as has been suggested, possibly to that extent inoperative, a point of view which might be interesting should the widow in this case marry again, but one which is not before us.

The inheritance which it is proposed to tax consists, therefore, of the privilege of remarriage, for that is all the will gives which the law does not confer. If such an inheritance may be said to be taxable as property within the meaning of the general provisions of the law taxing "property of every nature and kind included or embraced in any inheritance, legacy or donation," what is its value, its taxable value? The answer may be expressed in the ungrammatical words of a childish rhyme, which comes to the writer at the moment: "Neither you, nor I, nor nobody knows."

It is therefore ordered, adjudged, and decreed that the judgment of the court below making the rule absolute be, and it is, affirmed, at the cost of appellant.

Affirmed.

*Rehearing denied January 16, 1933. Certiorari denied by Supreme Court February 27, 1933.