HAWTHORNE, Justice.
Mrs. Theresa Vaiana, widow of Lucas Carlisi, has appealed to this court from a judgment ordering her to furnish security as usufructuary, the usufruct in her favor having been established by the last will and testament of her deceased husband.
Lucas Carlisi, deceased husband of appellant, was survived by neither ascendants nor descendants. He disposed of his property by last will and testament, by which he bequeathed the usufruct of all his property to appellant, his wife, and, subject to this usufruct, the naked ownership to certain charitable organizations and collateral relatives. This last will and testament did not dispense the usufructuary from giving bond or security.
Under the provisions of our Civil Code, a usufruct may be established by various titles, such as by deed, donation, operation of law, or last will and testament. C.C. *683 art. 540. Article 558 of the Civil Code requires the usufructuary to give security or bond that he will use, as a prudent administrator would do, the movables and immovables subject to the usufruct, and that he will faithfully fulfill all the obligations imposed on him by law and by the title under which the usufruct is established. Article 560 of the Civil Code, however, excepts certain persons or individuals from giving the security required of the usufructuary by Article 558, as, for example, the father or mother having the legal usufruct of the estate of his children.
It is appellant’s contention that the exceptions named in that article are not exclusive; that, since all of the property left by the decedent was community property, she as surviving spouse acquired the usufruct of her husband’s half of the community by operation of law, and that, having acquired it in this manner, she is dispensed from giving bond or security as usufructuary. This contention is based on Article 915 of the Civil Code, which provides that, when either husband or wife shall die, leaving neither a father nor a mother nor descendants and without having disposed by last will and testament of his or her share of the community property, such undisposed of share shall be inherited by the surviving spouse in full ownership. Appellant sets forth her contention in brief as follows'
“ * * * The effect of the will was to dispose of the naked ownership. It is true that he left the usufruct of his estate to his surviving wife, but that disposition merely confirmed the right that she had under Art. 915 of the Civil Code. In other words, the decedent did not dispose to third persons all of his half of the community property. He disposed of only the naked ownership; the remaining portion of his property was the usufruct. Not having disposed of the usufruct to third persons, it is owned by the wife, by operation of law, as set forth by Art. 915 of the Civil Code.”
Appellant’s contention poses two questions: (1) Did appellant acquire the usufruct by operation of law? And (2), if so, does this fact dispense her from giving security as such usufructuary?
The Code itself answers the first question. Article 915 has no application, for it is applicable only when the deceased husband or wife dies without having disposed by last will and testament of his or her- share of the community property. In the instant case the deceased husband disposed of his share of the community property by last will and testament, and the usufruct in favor of appellant was established by this last will and testament, and not by operation of law.
The testator, if he had seen fit, could very easily have dispensed the usufructuary from giving security, for Article 559 of the Civil Code provides that the bond or security may be dispensed with in favor of the usufructuary by the act by which *685 the usufruct is established. Since the testator in the instant case failed to dispense with this security, the usufructuary must give bond under the provisions of Article 558.
As we have concluded that appellant did not acquire the usufruct by operation of law, it is not necessary to discuss the second question raised by her contention.
The cases of Taylor v. Taylor, 189 La. 1084, 181 So. 543; Succession of Pujol, 156 La. 448, 100 So. 677; Succession of Costa, 19 La.Ann. 14, and other authorities cited by appellant have no application to the facts of the instant case.
For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs.