170 So.2d 913 (1965)
Succession of Ludwig EISEMANN.
No. 1681.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1965.
Rehearing Denied February 8, 1965.
Writ Refused March 12, 1965.
*914 Monroe & Lemann, Thomas B. Lemann, New Orleans, for executrix-appellant.
Floyd F. Greene, Walter F. Marcus, Sr., Herbert S. Weil, New Orleans, for Inheritance Tax Collector.
Before REGAN, YARRUT, and TURNER, JJ.
HENRY F. TURNER, Judge pro tem.
The deceased, Ludwig Eisemann, died on August 5, 1961, bequeathing his entire estate, which consists principally of community property, to his wife, whom he named as executrix. His will was admitted to probate, and in due course the calculation of inheritance taxes was filed by the executrix. This calculation contained a deduction for the value of the usufruct of the surviving spouse on the community property. She then filed a rule against the Inheritance Tax Collector to show cause why the inheritance taxes should not be fixed according to her calculations. The Inheritance Tax Collector opposed the rule, contending that the taxes should be at a greater amount based on the whole value of the community property without the deduction for the usufruct by the surviving spouse. The trial court dismissed the executrix's rule and from that dismissal this appeal was taken.
The position of the executrix is that LSA-R.S. 47:2405, providing that in fixing the value of a legacy consisting in whole or in part of a usufruct, the value of the usufruct should be deducted from the value of the property on which it rests, in arriving at the value of the property for the purpose of fixing the inheritance tax due by the person or persons inheriting the same. She contends that since prior to 1910 the surviving spouse was not a legal heir of the decedent and had, in the event of intestacy, only a usufruct of the decedent's community property; that Act 57 of 1910, which made the surviving spouse a legal heir in the absence of forced heirs rather than a usufructuary of community property, should not be construed here so as to diminish the rights of the surviving spouse so far as inheritance taxes are concerned. Prior to 1910, the Supreme Court had held in Succession of Marsal, 118 La. 212, 42 So. 778, that the usufruct of the surviving spouse was exempt from inheritance taxes. That exemption was extended in Successon of Lynch, La.App., 145 So. 42, where it was held that the bequeathal of a usufruct on community property to the surviving spouse would not affect the exemption.
We are faced here, though, with a totally different situation from that present in the Succession of Lynch. In this case there are no forced heirs and, consequently, there never was a usufruct by the surviving spouse. The usufruct of the Succession of Lynch resulted from the fact that the deceased then left forced heirs. Here, the surviving spouse is the only heir of the deceased.
The executrix cites the Succession of Norton, 157 So.2d 909, a recent case decided by the Court of Appeal for the First Circuit. In that case the forced heirs of the deceased renounced the succession, and the surviving spouse received the entire community property. The court held that the value of the usufruct, which the surviving spouse held by operation of law, should be deducted from the whole amount of the *915 property, even though he there inherited the property in the full ownership on the renunciation of the forced heirs.
Succession of Norton must be distinguished from this case. There, the existence of forced heirs created the usufruct of the surviving spouse by operation of law. Here, in the absence of forced heirs, no usufruct ever existed. This, we think, is the controlling factor. We hold, therefore, that the inheritance tax due on the Succession of Ludwig Eisemann should be computed on the value of the whole property and that there can be no deduction for a nonexistent usufruct by the surviving spouse.
The order of the District Court dismissing the rule brought by the executrix against the Inheritance Tax Collector is hereby affirmed.
Affirmed.