TATE, Justicte
(concurring).
The writer concurs in the majority’s scholarly analysis of the prior law on the subject, in its finding that the question before us is actually res nova, and in its decree affirming the court of appeal. The writer, however, disagrees with the majority’s conclusion that, where one spouse confers a usufruct by will over that spouse’s share of the community property (the naked title to which is in the issue of the marriage), such usufruct is nothing more than a confirmation of the similar legal usufruct provided by Civil Code Article 916. From this, the majority concludes that such usufruct, confirmed or (in my opinion) granted, terminates upon the surviving spouse’s re-marriage — just as would the legal usufruct of Article 916, had there been no will.
I agree, instead, with the court of appeal that, upon re-marriage, the usufruct (until then merely confirming the legal usufruct) now is subject to reduction if it infringes upon the forced portion due to the heir.
The majority’s conclusion is not unreasonable. It has the merit of logical consistency in holding that such a usufruct, contained in (confirmed by) a will, is for all purposes no more and no less than the legal usufruct provided by Article 916. To grant the survivor a lifetime usufruct, the bequeathing spouse must specify that the usufruct is granted for the duration of the surviving spouse’s life. Then, if I read the rationale of the majority right, the usufruct is a testamentary usufruct.
However, this rationale will open up further issues for decision, such as whether in *845 that case the usufruct is for all purposes a testamentary usufruct. If it is, the rationale in my opinion involves unfortunate results, such as (even though the widow never remarries in fact) estate tax consequences (since the widow receives the usufruct by will, not by law) and the' necessity for the widow to give security, Civil Code Article 558,[1] since the parent is dispensed with bond only as to the legal usufruct over their children’s estate, Article 560. Also, since only the legal usufruct of Article 916 does not impinge on the legitime, presumably such a merely testamentary usufruct is subject to reduction even before the remarriage of the widow.
I therefore prefer the rationale of the court of appeal that the usufruct given to a surviving spouse by the decedent’s will is merely the confirmation of the legal usufruct insofar as it gives her no further rights than that conferred by law (i. e., by Article 916). However, it becomes a testamentary usufruct to the extent and when it confers upon the surviving spouse greater rights — pertinently, here, when by virtue of the lifetime nature (i. e., despite re-marriage) of the usufruct granted by the will, such usufruct attempts to grant the widow a usufruct over the child’s property which impinges on the legitime, and which is therefore subject to reduction — the legal usufruct does not infringe on the legitime, by operation of law (Article 916), but this usufruct terminates upon re-marriage; a testamentary usufruct may infringe and may therefore be reduced, if the value of the usufruct exceeds the disposable portion. See: Article 1499; Yiannopoulos, Personal Servitudes, Section 16, pp. 55-58 (1968); Yiannopoulos, Testamentary Dispositions in Favor of the Surviving Spouse and the Legitime of Descendants, 28 La.L.Rev. 509 (1968).
Thus, as the court of appeal noted, the usual interpretation of the prior jurisprudence (which the majority here reasonably corrects as based on erroneous dicta) was that “a donation mortis causa of the usufruct of community property to the surviving spouse confers a lifetime usufruct which is not terminated by marriage ., even if the testament grants the same usufruct the survivor would have acquired by operation of law under LSA-C.C. Art. 916 in the intestate succession.” 242 So.2d 342. The court of appeal further held, correctly in my opinion, that “While we find the usufruct left by testament in the instant case was not terminated in its entirety by the second marriage of the usufructuary, nonetheless we are of the opinion it cannot burden the one-third legitime due the forced heir.” 242 So.2d 343.
The court of appeal’s interpretation — that the usufruct mentioned by the testament is *847 legal insofar as “confirming” the legal usufruct of Article 916, but testamentary insofar as incumbering the legitime with a burden not there authorized (i. e., insofar as surviving beyond remarriage) — is not as intellectually attractive as that adopted by the majority, by which the usufruct is either legal or testamentary but not a blurred composition of both. However, this interpretation is one sanctioned by a logical extension of our prior jurisprudence since Succession of Moore, 40 La.Ann. 531, 4 So. 460 (1888), and it is a practical interpretation. It is beneficial, insofar as in accord with the probable intent of the testator to grant a usufruct (at least until i-e-marriage) without unfortunate tax or reduction-as-in-excess-of-the-legitime problems, whether or not the testament mentions that the usufruct is to be for the survivor’s lifetime. And such interpretation is further in accord with the usual interpretation that a usufruct created by will is for the usufructuary lifetime, unless a shorter duration is expressed[2]
For what help it may be in any reconsideration of this issue, I would like, at the risk of unduly lengthening this concurrence, to incorporate the following analysis of the problems here involved. This analysis is taken almost verbatim from the galley proof of an article by Professor Yiannopoulos to be published in the forthcoming number (2) of Volume Thirty-Two of the Louisiana Law Review, The Work of the Louisiana Appellate Court for the 1970-1971 Term, Property, 32 La.L.Rev. 164 et seq.
The analysis (see paragraphs 1 through 5 below) proceeds as follows:
1. In Louisiana, a usufruct may be either testamentary or legal. It is testamentary when created by mortis causa juridical act; it is legal when created by operation of law. Classification of a usufruct as legal or testamentary carries significant consequences concerning the usufructuary’s duty to give security, liability for inheritance taxes, termination of the usufruct upon remarriage, and impingement on the legitime of forced heirs. See Yiannopoulos, Personal Servitudes § 105 (1968). If the usufruct is legal, it terminates upon remarriage, according to Article 916 of the Civil Code; the usufructuary is relieved of the obligation to give security by application of Article 560 of the same Code; the usufructuary is not liable for the payment of inheritance taxes according to fiscal legislation, as interpreted by Louisiana courts: Succession of Marsal, 118 La. 212, 42 So. *849 778 (1907); and the usufruct does not violate the legitime of forced heirs: Succession of Moore, 40 La.Ann. 531, 4 So. 460 (1888). If, on the other hand, the usufruct is testamentary the opposite results follow. Thus, a testamentary usufruct does not terminate upon remarriage: Smith v. Nelson, 121 La. 170, 46 So. 200 (1908). The usufructuary owes taxes: Succession of Eisemann, 170 So.2d 913 (La.App.4th Cir., 1965), writ refused 247 La. 489, 172 So.2d 294. The usufructuary, in the absence of testamentary dispensation, must furnish security: Succession of Carlisi, 217 La. 675, 47 So.2d 42 (1950). And it ought to follow clearly that a testamentary usufruct may impinge on the legitime of forced heirs: La.Civil Code art. 1499; Yiannopoulos, Personal Servitudes § 16 (1968).
2. The distinction between testamentary and legal usufruct has been blurred by the judicial doctrine of “confirmation” of a legal usufruct by will. Article 916 of the Civil Code establishes the legal usufruct in favor of the surviving spouse in community “when the predeceased husband or wife shall not have disposed by last will and testament, of his or her share in the community property.” (Emphasis added.) Early Louisiana decisions hold that any disposition by will defeats the legal usufruct under Article 916. Succession of Schiller, 33 La.Ann. 1 (1881); Forstall v. Forstall, 28 La.Ann. 197 (1876); Grayson v. Sanford, 12 La.Ann. 646 (1957). These cases have been long overruled by a long line of decisions establishing the proposition that the legal usufruct under Article 916 may be defeated only by a disposition that is “adverse” to the interest of the surviving spouse. A disposition that is not adverse to the interests of the surviving spouse merely “confirms” the legal usufruct. Succession of Maloney, 127 La. 913, 54 So. 146 (1911); Fricke v. Stafford, 159 So.2d 52 (La.App. 1st Cir. 1963); Yiannopoulos, Personal Servitudes § 103 (1968).
3. The doctrine of confirmation of a legal usufruct by will has no statutory foundation; Article 916 of the Civil Code does not contain the word “adverse” and its obvious interpretation is that any testamentary disposition excludes the legal usufruct. Moreover, the doctrine of confirmation is an anomalous theoretic construction that has complicated unduly the Louisiana law of successions, as it gives rise to the troublesome question whether a legal usufruct confirmed by will is “legal” or “testamentary”. It might be indeed simpler to accept the view that any testamentary disposition excludes the legal usufruct under Article 916, Nevertheless, the doctrine of confirmation is deeply imbedded in Louisiana jurisprudence and favors strongly the interests of the surviving spouse. In practical terms, this doctrine allows the surviving spouse to cumulate rights under Article 916 of the Civil Code and under the will of the deceased spouse. See *851 ■Yiannopoulos, Personal Servitudes § 104 (1968).
4. Assuming that the doctrine of confirmation is here to stay, the basic question is whether a confirmed legal usufruct ought to be classified as “legal” or “testamentary”. In this respect there are conflicting determinations. For purposes of taxation, Louisiana courts have reached the conclusion that the mere confirmation of the legal usufruct does not change the nature of the usufruct into a testamentary one. It remains “legal” and inheritance taxes are avoided. See Succession of Baker, 129 La. 74, 55 So. 714 (1911); Succession of Brown, 94 So.2d 317 (La.App.Orl.Cir. 1957); Succession of Lynch, 145 So. 42 (La.App.Orl.Cir. 1932); Yiannopoulos, Personal Servitudes § 17 (1968). Insofar as the usufructuary’s obligation to give security is concerned, the usufruct that has been confirmed by will presumably is regarded as “legal”, and the survivor is dispensed from the duty to give security. Cf. Winsberg v. Winsberg, 233 La. 67, 96 So.2d 44 (1957); Succession of Moore, 40 La.Ann. 531, 4 So. 460 (1888); Yiannopoulos, Personal Servitudes § 61 (1968). In cases involving the question of infringement of the legitime, Louisiana courts have likewise reached the conclusion that the mere confirmation of the legal usufruct does not change its nature. It remains legal; hence, legitime of issue of the marriage is not violated. This was one of the main issues in Succession of Moore, 40 La. Ann. 531, 4 So. 460 (1888). But in cases involving the question whether a confirmed legal usufruct terminates upon the remarriage of the usufructuary, lower courts and commentators have reached the conclusion that the usufruct is “testamentary” in order to exclude its termination upon the remarriage of the usufructuary. As the majority correctly holds, there is no controlling authority for this inconsistency.
5. Consistent and even-handed administration of justice might treat a confirmed usufruct as legal or testamentary for all purposes. The question whether a confirmed usufruct is legal or testamentary might be resolved by application of the following tests: “If the testator intended to give to the survivor the same rights that the law would have accorded him in the absence of a will, the survivor’s usufruct is legal ... If, on the other hand, the intention of the testator was to alter the scheme of intestate succession and to give to the survivor additional rights, the usufruct ought to be classified as testamentary.” Yiannopoulos, Personal Servitudes § 105, page 350 (1968).
With regard to the above analysis, the majority has in effect concluded that it will be presumed that a testator intended merely to confirm the legal usufruct, for all purposes, and subject to all the limita *853 tions thereof, when such usufruct of the will includes property of the community which is also subject to the legal usufruct provided by Article 916.
As noted, this may not be an unreasonable conclusion. However, I do not think it to be unrealistic to conclude that the ordinary testator with issue of the marriage (and the ordinary notary or practitioner, using language sanctioned by a century of use as having contrary meanings) will necessarily realize (a) that when his will grants (confirms) the usufruct over property to his wife, such usufruct is not for life insofar as (only) community assets are concerned and (b) that when his will does specify that such usufruct is for life,[3] such language may constitute the usufruct a testamentary one (not a legal one), with unforeseen tax consequences and also subject to immediate reduction at the testator’s death if it infringes on the legitime, whether or not the widow ever remarries in fact.
For the reasons assigned, I would adhere to what many until now felt was the proper resolution of the conflicting interests of the widow-protection afforded by Article 916 and the demands of forced heirship— that the usufruct mentioned in the will may indeed be for life (the ordinary meaning of the language when no other duration is specified), but that it does not infringe on the legitime insofar (but only insofar) as not burdening the legitime in excess of the legal usufruct provided by Article 916. Conversely, to the extent (and only to the extent) that the usufruct mentioned by the will is identical with the legal usufruct of Article 916, the will merely “confirms” the latter; if, however, the legitime is (becomes) burdened by the usufruct to any greater extent than it would be burdened by the legal usufruct, to such greater extent the usufruct is created rather than merely confirmed by the will.
I respectfully concur.

. Of course, the testator may specify that the usufruct is without bond, which may save this complication if he so desires.

. For instance, had the present usufruct eoucerned separate as well as community property, the identical language and disposive provision would have conferred a lifetime usufruct over the decedent’s separate proper-ty, but (under the majority’s interpretation) merely a legal (i. e., terminable by rc-marriage) usufruct over the community portion of the decedent’s estate.

. It is now customary for the careful practitioner to specify the usufruct is for the duration of the surviving spouse’s life, when the testator desires both to confirm the legal usufruct and also continue the usufruct as long as the beloved spouse lives, even should she assuage the loneliness of her later years by re-marriage.