(46 South. 200.)

No. 16,677.

SMITH et al. v. NELSON.

(April 13, 1908.)

1. HUSBAND AND WIFE — COMMUNITY PROPERTY — SURVIVING SPOUSE—USUFRUCT—REMARRIAGE.

The usufruct in favor of a surviving spouse, which ceases when such spouse remarries, is that established by law upon so much of the share in the community property of the deceased spouse, who has died intestate, as may have

been inherited by the issue of the marriage. The usufruct established by the will of the deceased in such share does not so cease.

## 2. JUDGMENT—RES JUDICATA.

Where the major children (by a prior marriage) of a deceased wife, and the surviving husband, upon their joint petition, obtain a judgment ordering the execution of the will of the decedent, and putting them in possession in accordance therewith (the surviving husband as usufructuary of the share of the testatrix in the property of the second community), such judgment is conclusive as to the rights of the parties, unless set aside upon allegations of fraud or error.

## 3. PARTITION—SALE.

Where one who owns an undivided half interest in real estate, which is not susceptible of division in kind, holds the other half interest as usufructuary, the owner of the naked title to the half so held cannot force the sale of either the naked or the perfect title in order to effect a partition.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Frank Smith and others against John Andrew Jackson Nelson. Judgment for defendant, and plaintiffs appeal. Affirmed on rehearing; the original opinion being withdrawn.

Edwin Lazier and Gabriel Fernandez, for appellants. Titche & Rogers, for appellee.

### Statement of the Case.

MONROE, J. The mother of the plaintiffs, being then the widow of Michael Smith, married the defendant, Nelson, and some years later executed a will whereby she bequeathed to her three major children (issue of her marriage to Smith) the property acquired during the first community, and to her surviving husband the property acquired during the second community, and further declared that:

"Should my children claim the legitime, then I give and bequeath to my said husband the usufruct of all the property, movable and immovable, that was acquired during our marriage," etc.

The testatrix died in 1897, and upon the joint petition of the legatees thus mentioned her will was ordered to be executed, and the petitioners were put in possession—the children in full ownership of the property of the first community and "as owners of an undivided one-half of the property * * * belonging to the second community, subject to the usufruct thereof in favor of * * * Nelson"; and Nelson "as the lawful surviving husband in community of his deceased wife * * * and as owner of the undivided half of the community property * * * and as the usufructuary of the other undivided half thereof." In September, 1906, the present suit was instituted by the two surviving Smith heirs, who allege that the third heir (a brother) is dead, leaving minor children; that the stepfather has remarried, and has thereby "lost the usufruct by operation of law"; that he and they and the minor children of their deceased brother own the property acquired by the second community (consisting of $900 in cash and certain real estate) in common; that they are unwilling to hold the same in indivision and desire a partition; that the real estate is not susceptible of division in kind, and should be sold; and that their stepfather has collected the revenues thereof since April 15, 1897 (the date of the judgment putting him and them in possession). Wherefore they pray that an inventory and appraisement be made; that a special tutor be appointed, and a family meeting held in behalf of the minors; that the parties be cited, and that there be judgment ordering the sale of the real estate, and against "Nelson for such sum as may be found due for rents and revenues collected by him; and that said parties be referred to Charles A. Butler, notary public, to effect a final partition." The minors, made defendants, practically join the plaintiffs in their demands.

The defendant, Nelson, pleaded the exceptions, "no cause of action," res judicata, estoppel, and prescription, and, reserving his

rights with respect thereto, answered, alleging that, should the sale of the property be ordered, he is entitled to the usufruct of the proceeds, or to one-third of said property in full ownership. The judge a quo at first held that plaintiffs were entitled to have the property sold for the purposes of a partition, defendant to enjoy the usufruct of the proceeds; but a new trial was granted, which resulted in a judgment dismissing the suit. Plaintiffs have appealed.

## Opinion.

In the opinion heretofore handed down it was held that the law establishes a usufruct in favor of the survivor with respect to the share in the community of the deceased partner, when the latter has left neither ascendants nor descendants, or has left children, issue of the marriage, and has not (in either case) disposed of such share by will; that it is only the usufruct thus established by law (in favor of the surviving spouse upon so much of the share of the deceased in the community property as may be inherited by the issue of the marriage) that ceases upon the remarriage of the usufructuary; and that as the usufruct enjoyed by Nelson was established by the will of his deceased wife, and by the judgment ordering its execution and putting him in possession, it is not affected by his remarriage. It was also held that plaintiffs, having themselves provoked the judgment recognizing defendant and putting him in possession as usufructuary under the will, are thereby concluded; "that said judgment amounts at least to a solemn agreement and contract on the part of the persons at whose instance it was rendered, * * * which, until set aside upon allegations of fraud or error, is binding upon said parties; and that such judgment and the petition upon which it was rendered amount to a renunciation of any right the plaintiffs might have had to attack the will of their mother." The

opinion refers to Civ. Code, arts. 915, 916; Hen. Dig. p. 742, No. 9; Id. p. 762, No. 28; Nolan v. Succession of New, 31 La. Ann. 552. Adhering to the conclusions stated, we deem it unnecessary to cite additional authority in their support. We have, however, reconsidered the views heretofore expressed upon the subject of the plaintiff's right to force a sale, whether of the entire property or of the naked title.

The law which confers the right to the partition of a "thing held in common" has no application to those who hold, respectively, the fragments of a dismembered title to the same immovable property, for the reason that in such case, the title being dismembered, each part is a distinct thing, held by a different owner, and there is no "thing held in common." It is clear, therefore, that as between plaintiffs, as owners of an undivided interest in the naked title to the property in question, and defendant, as usufructuary (of such interest), there is no basis for this action. If it be said that plaintiffs and defendants are owners in common, of the naked title, and that, the property being indivisible in kind, plaintiffs have a right to compel the sale of such naked title in order to effect a partition, the answer is that a sale of that kind would have the effect, as to the undivided half interest in the property of which defendant has the perfect ownership, of permanently dismembering his title, so that the naked ownership would become vested in the purchaser whilst the usufruct would remain in the defendant, his heirs and assigns, forever, or else the usufruct would expire with the defendant, and he would thereby be deprived of the right to transmit to his heirs the most valuable part of his estate. There is no doubt that, as between those in whom the naked ownership alone is vested, a partition may be enforced in kind, where the property can be so divided or by licitation, where it is not susceptible of division in kind, and

this, notwithstanding that it may be burdened with a usufruct. And so (Civ. Code, art. 605):

"The owner may mortgage, sell, or alienate the thing subject to the usufruct, without the consent of the usufructuary, but" (observe) "he is prohibited from doing it in such circumstances and in such conditions as may' be injurious to the enjoyment of the usufructuary."

The rule applicable to the situation here presented is stated by a French writer as follows, to wit:

"If the universality of the property is burdened with a usufruct, the existence of the usufruct will not prevent the heirs from provoking, between themselves, a partition as concerns the naked property. But they cannot compel the usufructuary to participate in the partition and to consent to a sale of the immovables, acknowledged indivisible, reserving his rights to the proceeds." Aubry & Rau, p. 512.

The suggestion that the entire property, including the usufruct of the whole, may be sold in order to effect the partition demanded by plaintiffs, is obnoxious to the objection thus stated, and need not be further considered. The fact is plaintiffs have not prayed for a sale of the naked ownership, or for a sale of the property subject to the usufruct. They have proceeded upon the theory that the usufruct ceased when defendant entered into a second marriage, and have prayed merely that the property be sold to effect a partition; and, it having been ascertained that the usufruct did not cease, the superstructure of the case falls with the foundation. We may remark, in conclusion, that, it having been conceded that the property here in question is not susceptible of division in kind, we have not felt called upon to express an opinion upon the question whether, if it were divisible in kind, a partition of the naked ownership might not be enforced, and we do not wish to be understood as conveying any intimation to the contrary.

The conclusions stated, of course, dispose of all questions as to plaintiffs' rights with respect to their interest in the money of which defendant has the imperfect usufruct.

For the reasons thus given, the judgment appealed from is now affirmed.