159 So.2d 52 (1963)
Buford FRICKE, Plaintiff-Appellant,
v.
Agnes Passman STAFFORD et al., Defendants-Appellees.
No. 5989.
Court of Appeal of Louisiana, First Circuit.
December 16, 1963.
*53 C. Alvin Tyler, Baton Rouge, for appellant.
Watts & Crain, by Hillary J. Crain, Franklinton, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
REID, Judge.
Plaintiff prosecutes this appeal from a judgment dismissing his suit against his co-heirs in which he seeks a partition of some 225 acres, in Sections 14 and 23, Township 3, South Range 10 East in the Parish of Washington, Louisiana.
The Trial Judge with written reasons rendered a judgment dismissing plaintiff's suit at his costs.
From this judgment plaintiff has brought this appeal.
Briefly, the facts are: Andrew Fricke and Martha Fricke were married in Washington Parish, Louisiana on the 13th day of August, 1886. There were eleven children born of this marriage, namely: Ella Fricke Passman, George Fricke, Andrew Fricke Jr., Mollie Fricke Creel, Augusta Fricke Keele, Annie Fricke Williams, Mildred Fricke Simons, Marie Fricke Polke, Henry Fricke, Neva Fricke and Wilhelmina Fricke.
Annie Fricke, a daughter, gave birth on June 24, 1922 to an illegitimate son who was named Buford Judson Fricke, plaintiff in this suit. Buford was adopted by his maternal grandparents, Andrew and Martha Fricke, on October 4, 1926, with the consent of his mother, Annie Fricke.
On June 13, 1943, Andrew Fricke died leaving a Will containing the following bequest:
"I give and bequeath to my daughter Wilhelmina Fricke a life usufruct of all property real, personal and mixed of which I may die possessed, subject only to the usufructrary claim of my wife should she survive me as fixed by law in her favor."
This Will was duly probated and judgment was rendered and signed on June 10, 1946 recognizing the widow and heirs and sending them into possession of the naked title to an undivided one-half interest of the property, subject to the provision in favor of the beneficiary. No opposition was made to these proceedings.
On June 26, 1951 Annie Fricke and her husband, John H. Williams, adopted her illegitimate son, Buford Judson Fricke.
Annie Fricke Williams died on March 17, 1957 and her husband John H. Williams, and son, Buford Fricke, were placed in possession of her property, including an undivided interest in the estate of her father, Andrew Fricke. John H. Williams sold *54 his interest in his wife's succession to Buford Judson Fricke on November 14, 1957.
Mrs. Martha Ellen Morgan Fricke, the wife of Andrew Fricke, died on June 24, 1960 and by judgment of possession dated April 11, 1961 plaintiff Buford Fricke was placed in possession of an undivided 1/12 interest in her estate through representation of his mother, Annie Fricke Williams, and an additional 1/12 interest as a forced heir of Martha Fricke by virtue of his adoption by her. The other remaining heirs of Martha Morgan Fricke were sent in possession of the remaining portion of the property in the same judgment.
On May 27, 1961 plaintiff filed this suit for partition by licitation of the property inherited by him from the Estates of Andrew, Annie and Martha Fricke.
The defense is predicated upon the principle that naked owners of property which is subject to a usufruct cannot force a partition of property by licitation. Defendants cite Article 605 of the Civil Code which provides:
"The owner may mortgage, sell or alienate the thing subject to the usufruct, without the consent of the usufructuary, but he is prohibited from doing it in such circumstances, and under such conditions as may be injurious to the enjoyment of the usufructuary."
This Article is quoted in Smith et al. v. Nelson, 121 La. 170, 46 So. 200, wherein it was held:
"Where on who owns an undivided half interest in real estate, which is not susceptible of division in kind, holds the other half interest a usufructuary, the owner of the naked title to the half so held cannot force the sale of either the naked or the perfect title in order to effect a partition."
This case also quotes from a French writer as follows:
"`If the universality of the property is burdened with a usufruct, the existence of the usufruct will not prevent the heirs from provoking, between themselves, a partition as concerns the naked property. But they cannot compel the usufructuary to participate in the partition and to consent to a sale of the immovables, acknowledged indivisible, reserving his rights to the proceeds.' Aubry & Rau, p. 512."
Plaintiff collaterally attacks the Will of his ancestor Andrew Fricke in so far as it creates the usufruct in favor of Wilhelmina Fricke on the grounds the usufruct thus established impinges upon the legitimate of the forced heirs. He cites the following cases in support of this contention: Clarkson v. Clarkson, 13 La.Ann. 442; Succession of Tunnell, 12 La.Ann. 1218; Succession of Manion, 143 La. 799, 79 So. 409, and Succession of Manson, 168 La. 286, 121 So. 868.
Though concededly these cases might avail plaintiff in the event he had filed a direct suit to annul the provision creating the usufruct in the Will of Andrew Fricke, plaintiff has filed no direct action to attack the Will on these grounds, and accordingly these cases are not relevant to the issues in the present case.
Article 2931 of the LSA-Revised Code of Civil Procedure reads:
"A probated testament may be annulled only by a direct action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged. The defendants shall be cited, and the action shall be tried as an ordinary proceeding."
Article 3542 of the LSA-Civil Code provides:
"The following actions are prescribed by five years: * * *
"That for the reduction of excessive donations. * * *"
*55 The Judge of the Lower Court gave the following reason for his decision:
"It is the opinion of the Court that this complaint now comes too late. A prescription of five years provided by the Civil Code for the reduction of excessive donations has long since passed, and all of the heirs have obviously acquiesced in the judgment.
"This being the case, under the doctrine annunciated in Smith v. Nelson, 121 La. 170, 46 So. 200 (1908) and Amerada Petroleum Corp. v. Reese, 195 La. 359, 196 So. 558 (1940), the plaintiff herein is obviously not entitled to the relief which he seeks.
"It is the Court's appreciation of the law that so long as this property or any undivided portion thereof is burdened with a valid usufruct, no suit for partition by licitation of the property will lie."
We are of the opinion the judgment of the Lower Court is correct and it is, therefore, affirmed.
Affirmed.