371 So.2d 1230 (1979)
Louella DEVILLIER, wife of Forrest Joseph Langlinais, Plaintiff-Appellant,
v.
Joseph Ravis DEVILLIER et al., Defendants-Appellees.
No. 6930.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Writ Refused July 3, 1979.
*1231 Champagne, Colomb & Brumbaugh, Vincent J. Saitta, Lafayette, for plaintiff-appellant.
Nathan A. Levy, Jr., and Levy & Burleigh, Morgan City, Bernard F. Levy, Monroe, for defendant-appellee.
Before WATSON, STOKER and DOUCET, JJ.
STOKER, Judge.
In this suit plaintiff seeks to have a tract of land partitioned by licitation. The trial court sustained an exception of no cause of action and dismissed the suit. The trial court's reasons for judgment were grounded on an interpretation of Article 543 of the Louisiana Civil Code as enacted by Act Number 103 of the 1976 session of the Louisiana Legislature. LSA-C.C. art. 543. *1232 Plaintiff appealed. The appeal brings up for consideration the right to partition property not subject to division in kind which is burdened by a conventional usufruct granted by less than all the original owners of the perfect ownership. The question appears to be res nova.
FACTS
The plaintiff is Louella Devillier Langlinais who is married to Forrest Joseph Langlinais. Plaintiff's mother, Bertha Latiolais, died leaving 20.47 arpents of land in St. Martin Parish, Louisiana, as her separate property. The deceased was married to plaintiff's father, Wade Devillier, who survived her. During the regime of the community of acquets and gains which existed between them the Devilliers apparently built a house on the 20.47 arpents. There are three other children of the marriage, siblings of plaintiff, namely Joseph Ravis Devillier, Ida Mae Devillier Johnson, and Jasper John Devillier. In this action, plaintiff sues her father and her sister and two brothers.
Upon the death of their mother, Louella Devillier Langlinais and her brothers and sister became the sole heirs in full ownership of the 20.47 arpent tract of land by inheritance from the separate estate of their mother. After the mother's death, plaintiff's sister and two brothers, in an apparent attempt to insure that their father be enabled to continue to live in the family home located on the property, granted a conventional usufruct of their undivided interests in the property to their father, defendant, Wade Devillier.
The situation thus created left plaintiff with her one-quarter undivided interest in her mother's separate property in perfect ownership. Her father, Wade Devillier, owns the usufruct of an undivided three-quarter interest in the property. The other three children own the naked ownership of the three-quarter undivided interest over which they have given their father the usufruct. The usufruct is for the duration of the father's natural life.
The brief of plaintiff-appellant asserts that it was stipulated at the trial level that the property in question is not susceptible of division in kind. While we find no evidence of such a stipulation in the record, it is of no moment because plaintiff alleges in her petition, paragraph 4, that the property is not divisible in kind without diminution of value and she prays for a partition by licitation. Since an exception of no cause of action is before us, the pleaded facts are accepted as true for the purpose of deciding the exception.
ACTION OF THE TRIAL COURT
The trial court's brief reasons for judgment simply cite LSA-C.C. art. 543 and three cases mentioned in the official Comments under the article and concludes that the article and cases "establish that defendants' exception of no cause of action is good and must be sustained." The three cases cited are Smith v. Nelson, 121 La. 170, 46 So. 200 (1908); Succession of Glancey, 112 La. 430, 36 So. 483 (1904) and Fricke v. Stafford, 159 So.2d 52 (La.App. 1st Cir. 1963).
These appear to be the only Louisiana authorities on the question. However, the excellent briefs setting forth the arguments of counsel indicate that a very serious question of interpretation is presented by the codal article and the meager jurisprudence.
STATEMENT OF THE ISSUES
The basic issue presented to this court is whether a co-owner can burden his interest with a conventional usufruct in favor of a third person and thereby extinguish the rights of another co-owner to obtain a partition by licitation. In resolving this issue, two basic rights come into conflict. The first is the right "to dispose of one's property in the most unlimited manner." LSA-C.C. art. 491. The second is a principle stated in Article 1289 of the Civil Code that "[n]o one can be compelled to hold property with another . . .".
The pertinent Civil Code provisions effective January 1, 1977, under the revision pertaining to personal servitudes effected *1233 by Act Number 103 of 1976 of the Louisiana Legislature are as follows:
Art. 541. Divisibility of usufruct
Usufruct is susceptible to division, because its purpose is the enjoyment of advantages that are themselves divisible. It may be conferred on several persons in divided or undivided shares, and it may be partitioned among the usufructuaries.
Art. 542. Divisibility of naked ownership
The naked ownership may be partitioned subject to the rights of the usufructuary.
Art. 543. Divisibility of the property in kind
A coowner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner.
Paragraphs (b) and (c) under the official Comments under 543 read as follows:
(b) The second sentence of this article excludes partition of the entire property by licitation even though there is a person who is both a usufructuary and a naked owner. It restates a rule established by Louisiana jurisprudence and does not change the law. Smith v. Nelson, 121 La. 170, 46 So. 200 (1908); Succession of Glancey, 112 La. 430, 36 So. 483 (1904); Fricke v. Stafford, 159 So.2d 52 (La.App. 1st Cir. 1963).
(c) In the absence of elements held in common, partition in kind or by licitation among naked owners and usufructuaries is excluded. Smith v. Nelson, 121 La. 170, 46 So. 200 (1908); 2 Aubry et Rau, Droit civil francais 639 (7th ed. Esmein 1961). These persons do not hold the same type of interest by undivided shares, I. e., they do not possess rights of the same nature over the same object. Partition upon demand of the usufructuary would constitute, in effect, denial of ultimate perfect ownership; partition upon demand of the naked owner would result in termination of the usufruct or in its transfer to the proceeds of the sale of the property.
Although the trial court founded its reasons for judgment on LSA-C.C. art. 543 as enacted in 1976, the defendants' peremptory exception of no cause of action is stated to be based on LSA-C.C. art. 1289. This article was unaffected by the 1976 revision and is contained in the Louisiana Civil Code of 1870. It reads as follows:
Art. 1289. Basis of right to demand partition
Art. 1289. No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition.
At the outset we observe that the question of retroactivity of the code articles in 1976 quoted above is not a problem issue in this suit. This is for the reason that the critical second sentence of Article 543 is stated by paragraph (b) of the Comment not to change the law but represents a restatement of a rule established by Louisiana jurisprudence. For this proposition paragraph (b) of the Comment cites the same three cases relied upon by the trial court, namely: Smith v. Nelson, supra; Succession of Glancey, supra; and Fricke v. Stafford, supra. Hence, for interpretation of the second sentence LSA-C.C. art. 543, relied upon by the trial court we are thrown back upon the cited cases which the trial court itself referred to.
Despite these observations we feel that we must approach a resolution of the problem by giving primary consideration to applicable codal expressions rather than jurisprudential rules. See Ardoin v. Hartford Accident and Indemnity Company, 360 So.2d 1331 (La.1978) and especially the authorities listed in footnotes 5 and 6 on page 1334.
EXCEPTORS' POSITION
In articulating their peremptory exception the defendants-appellees set forth their position as follows:

*1234 I.
Plaintiff's petition does not disclose a cause of action under Louisiana Civil Code, Article 1289, against the above named defendants in that the plaintiff's petition does not disclose that she holds an interest in common with the above named defendants in that she owns a fee simple interest whereas the interest of the other owners is burdened with a usufruct.

II.
Under such circumstances the plaintiff is not entitled to a partition by licitation.
Appellees therefore pitch their case on the contention that they and plaintiff-appellant have no interest in common in anything held in indivision.
If appellees and the trial court are correct the following result flows from any facts such as are before us: Any owner of a fractional interest, however small, in the full and perfect ownership of a thing may unilaterally deprive his co-owners of the enjoyment of their undivided interest, including the right to partition by licitation, by the simple device of transferring to a third person the usufruct of his fractional interest in the perfect ownership.
It should be borne in mind that in the case before us, the four children Bertha Latiolais Devillier came into the perfect ownership of their mother's separate property unburdened with any usufruct. The usufruct in favor of the father came afterwards and was granted by plaintiff's siblings. The usufruct, therefore, came into being after the children became vested with perfect ownership unlike the more common mode through which usufructs come into being. In the usual situation a usufruct originates as a legal usufruct by operation of law, for example as provided through LSA-C.C. art. 916, or conventionally through testamentary disposition.[1] In such situations the property comes to the heirs already burdened with the usufruct and they receive initially as mere naked owners. Such was the situation in the Smith, Glancey, and Fricke cases.
Our foregoing statements indicate that the question we must determine is whether plaintiff holds an interest in common with the defendants.
The contention that in the situation before us there is nothing held in common is based upon expressions in Smith v. Nelson, supra, which appear to have been conceded to be obiter dicta. The Glancey case dealt with a usufruct resulting from the operation of LSA-C.C. art. 916 which granted the widow a legal usufruct over her deceased husband's share of the community. The court refused to grant partition there on the ground of public policy. That policy was the upholding and supporting of the Article 916 usufruct as a community property feature and to promote family unity and harmony and discourage family dissension.
In order to better understand the proposition for which these cases stand, it is necessary to review their precise facts and holding of each. Smith v. Nelson, supra, decided in 1908, was decided on an exception of no cause of action. In Smith the deceased was married twice. She was first married to Michael Smith by whom she had three children. Two of these children were plaintiffs in the lawsuit. Upon her first husband's death the decedent married the defendant Nelson. Upon the death of plaintiff's mother, the community property of the second marriage (with Nelson) became the subject of the suit. The decedent left a will leaving her children the property of the first community in full ownership; she left her half of the second community to her children subject to a usufruct in favor of Nelson, her second and surviving husband. Therefore, Nelson held his community one-half of the property in perfect ownership and the usufruct of the other one-half of which plaintiffs held the naked ownership. *1235 Nelson remarried. Plaintiffs brought suit for a partition by licitation alleging that because of his remarriage Nelson had lost his usufruct by operation of law. Nelson filed an exception of no cause of action and the Supreme Court upheld his position.
In Smith, the Supreme Court noted that the usufruct held by Nelson was granted to him by the will of his deceased wife. It also held that, unlike the legal usufruct granted in LSA-C.C. art. 916, a usufruct granted by will to a surviving spouse does not cease upon remarriage by the surviving spouse. Technically, therefore, the plaintiffs were proceeding upon an improper premise. The court also held that plaintiffs had provoked the judgment of possession recognizing defendant Nelson as usufructuary and putting him in possession; and by this action they entered into an agreement and contract which they could not challenge.
After disposing of the case on the above grounds, the Supreme Court in dictum proceeded to consider the plaintiffs' right to a partition by licitation either of the whole property or the naked ownership. A portion of its statement of dictum is as follows:
The law which confers the right to the partition of a "thing held in common" has no application to those who hold, respectively, the fragments of a dismembered title to the same immovable property, for the reason that in such case, the title being dismembered, each part is a distinct thing, held by a different owner, and there is no "thing held in common." It is clear, therefore, that as between plaintiffs, as owners of an undivided interest in the naked title to the property in question, and defendant, as usufructuary (of such interest), there is no basis for this action. If it be said that plaintiffs and defendants are owners in common, of the naked title, and that, the property being indivisible in kind, plaintiffs have a right to compel the sale of such naked title in order to effect a partition, the answer is that a sale of that kind would have the effect, as to the undivided half interest in the property of which defendant has the perfect ownership, of permanently dismembering his title, so that the naked ownership would become vested in the purchaser whilst the usufruct would remain in the defendant, his heirs and assigns, forever, or else the usufruct would expire with the defendant, and he would thereby be deprived of the right to transmit to his heirs the most valuable part of his estate. There is no doubt that, as between those in whom the naked ownership alone is vested, a partition may be enforced in kind, where the property can be so divided or by licitation, where it is not susceptible of division in kind, and this, notwithstanding that it may be burdened with a usufruct. And so (Civ.Code, art. 605):
"The owner may mortgage, sell, or alienate the thing subject to the usufruct, without the consent of the usufructuary, but" (observe) "he is prohibited from doing it in such circumstances and in such conditions as may be injurious to the enjoyment of the usufructuary."
The essence of the above statement of dictum has been distilled in the second sentence of LSA-C.C. art. 543 to the simple statement: "Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner."
In Smith the person who was "both a usufructuary and an owner" was Nelson the surviving husband who held his one-half of the community in perfect ownership and his deceased wife's one-half interest in usufruct. The court concluded that in that situation there was no "thing held in common" entitling plaintiff, the naked owners, to a partition by licitation. The parts held were characterized as "distinct things" and being held by different parties, there was no thing held in common. As to the usufruct and the other elements of ownership this is clearly so. As to the naked ownership, however, the court seems to have based its position on the dire consequences it foresaw if a licitation sale were allowed rather than a clear lack of commonality. In fact the opposite would appear to be so, and the opinion hastened to add that there was *1236 no doubt that a partition in kind or by licitation of a naked ownership is authorized notwithstanding the fact that property may be burdened with a usufruct.
It would appear, therefore, that the rationale of Smith v. Nelson, supra, does not actually rest upon lack of commonality, but rather upon the policy statement now embodied in new Civil Code article 543 to the effect that there can be no partition by licitation if "there is a person who is both a usufructuary and owner." (Parenthetically it may be noted that there is no such person in the case before this court. Plaintiff Louella Devillier Langlinais holds in perfect ownership; her siblings hold only a naked ownership and the father holds only a life usufruct.)
The Succession of Glancey, supra, was decided by the Louisiana Supreme Court in 1904. The factual situation there was as follows. Following the husband and father's death, two children who were heirs brought suit against their mother, the surviving spouse, and the other children seeking a partition by licitation. The defendants opposed the suit on the ground the legal usufruct provided in favor of the surviving spouse in community over the community one-half which belonged to the deceased would not entitle a naked owner to such a partition during the life of the usufructuary. The Supreme Court adopted the defendants' position. It held that it was true that Civil Code article 1289 was sweeping in its scope in providing that no one can be compelled to hold property with another. However, it noted that there were exceptions to this rule and several examples were given. The court then concluded that the legal usufruct in favor of surviving spouses (provided by LSA-C.C. art 916) was such an exception.[2]
The court in Glancey stated its conclusion as follows:
Evidently the law is mandatory; the usufruct shall have the full enjoyment of the right.
If the property were sole to effect a partition by licitation, the widow's share in the community would have to be sold, and she would remain with the empty right of usufruct on the remaining half. The purpose of the statute would be frustrated.
While the court appears to have based its holding primarily on its finding that the legal usufruct was a mandatory exception to the principle stated in LSA-C.C. art. 1289, it placed exceptional reliance on policy grounds. The first was economicthat the sale value of the property would be lessened, and the second was that forcing the surviving spouse to sell his or her share held in perfect ownership could be a source of family friction and discord. Considering three things, frustration of the community property scheme, the economic implications and family harmony, the court held its views were "conservative, and in the interest of the family."
We may note here that in the case before us we are not dealing with a legal usufruct, but rather, with a usufruct granted conventionally by three children of the usufructuary. These three children acted on their own subsequent to their mother's death. They voluntarily granted their father the three-quarter interest in usufruct, thus "dismembering" their own perfect ownership held in indivision with plaintiff. The deceased wife and mother had not seen fit to leave her surviving husband a usufruct by testamentary disposition.
*1237 The final case in the three cases given as authority for the second sentence of LSA-C.C. art. 543, as newly enacted, is Fricke v. Stafford, supra, decided in 1963 by the Court of Appeal for the First Circuit. In this case after the death of both husband and wife the property passed to the heirs burdened with a usufruct granted by will in favor of one of the heirs over the father's share of the property. The other heirs held an undivided naked interest in the father's share. All the heirs held an undivided one-half interest in perfect ownership, that is of the other one-half of the property. The heir who held the usufruct also owned in perfect ownership her undivided share of the property which was burdened with the usufruct. The Court of Appeal in the Fricke case set forth no analysis to explain its holding other than to cite Smith v. Nelson, supra, and to point out that the defense was predicated on Civil Code article 605 (now LSA-C.C. art. 603 under the 1976 revision).[3] Also the Court of Appeal quoted with apparent approval the trial court's reasons for judgment which contained the following statement:
It is the Court's appreciation of the law that so long as this property or any undivided portion thereof is burdened with a valid usufruct, no suit for partition by licitation of the property will lie.
If this statement is given the broadest possible construction, it probably goes far beyond Smith v. Nelson, supra, on which the statement is based; however, in the narrow sense it is consistent with the narrow pronouncements made in the Smith case. See the Comment in 24 La.L.Rev. 885 (1964).[4] Perhaps the holding of Fricke was intended to go no further than the holding of Smith v. Nelson, supra.
JURISPRUDENCE DISTINGUISHED
From the analysis of the Smith, Glancey, and Fricke cases we note that each has a common feature which the case before us does not. In each of these three cases the usufruct in question was imposed upon the property at the time the various naked owners acquired their interest, contrary to the situation which inheres in the case before us.
Here, unlike the usufructuaries in Smith and Glancey, the usufructuary (Wade Devillier) is not also an owner in common of the naked ownership. He is a mere usufructuary and has never had any ownership in the property. Also in the case before us, unlike Smith and Glancey, the naked owners, siblings of plaintiff, hold nothing in usufruct or perfect ownership. Plaintiff here has perfect ownership of his one-quarter undivided interestshe has no usufruct and no naked ownership. We need have no fear here, as the court in Smith v. Nelson did, that by deeming plaintiff and his sibling defendants as owners in common of the naked ownership, a partition sale would result in dismembering the title of anyone. However, there must be considered what the effect of such a sale will be on the usufructuary rights of Wade Devillier.
*1238 By way of recapitulation we reiterate that our Civil Code provides that anyone may demand partition of a thing held in common. LSA-C.C. art. 1289. Any exercise of the right to partition rests upon a determination of whether parties hold interests in common. Holding in common clearly means more than owning rights in the same property. The matter is summarized "as follows in 24 La.L.Rev. 885 at page 886 as follows:
Ownership may be characterized by its elements: the right to use (usus), the right to enjoyment (fructus), and the right to alienate (abusus).5 Ownership is also categorized by its forms: perfect ownership, with the elements of usus, fructus, and abusus,6 usufruct, with usus and fructus;7 and naked ownership, with abusus.8 Under the Louisiana Civil Code and jurisprudence, holding in common means at least holding the same form of ownership in the same property. Thus perfect owners may force partition among perfect owners;9 usufructuaries, among usufructuaries;10 and naked owners, among naked owners.11 It seems equally clear that whether holding in common refers to form or elements of ownership, naked owners and usufructuaries cannot force a partition between themselves since the forms are different and there are no common elements. This is well established in Louisiana by the landmark Smith v. Nelson12 case which refused to allow the naked owner of an undivided one-half interest to force a partition against one who held the usufruct over his interest and perfect ownership of the remainder. To enable usufructuaries and naked owners to partition against perfect owners, holding in common must be defined as holding the same elements of ownership in the property. In essence, this would be recognition that perfect ownership (usus, fructus, and abusus) is made up of several components of usufruct (usus and fructus) and naked ownership (abusus).

As previously pointed out there is no party in the instant case who is both a usufructuary and an owner. Therefore, insofar as form of ownership is concerned we do not run afoul of interpretation placed upon the new Article 543 of the Civil Code. LSA-C.C. art. 543, as enacted in 1976. If we deem that holding in common refers to elements of ownership as discussed in the law review article above, plaintiff, Louella Devillier Langlinais, should be entitled to a partition by licitation of the entire property since her interest in perfect ownership gives her elements in common with all co-owners including the usufructuary. This is our view of law of this case and we so hold. This holding does not conflict with Smith v. Nelson, or Succession of Glancey or with new Civil Code article 543. It perhaps does not accord with Fricke v. Stafford, supra, which did not recognize that holding in common could refer to elements of ownership. Insofar as our holding here may not be in accord with Fricke v. Stafford, supra, we respectfully decline to follow our Brothers of the First Circuit in their holding therein.
We deem it pertinent to observe that the policy considerations which support the decision of our Supreme Court in the Smith and Glancey cases are absent here as has been demonstrated. On the other hand, since the usufructuary rights were not created by operation of law or by testamentary disposition of a former owner, but by the action of plaintiff's sibling defendants after their mother's death, other important policy considerations arise. While the defendant siblings in this case are no doubt motivated by the highest of motivesthat of allowing their father to continue to reside in the family homethe precedent which would be set by affirming the trial court's judgment would be quite far reaching. As observed early in this opinion, such an affirmance would permit the holder of only a very minor fractional interest in perfect ownership to tie up the entire ownership and enjoyment of the property by the simple expedient of granting a usufruct to a third party. The possibilities for collusion and abuse are evident.
*1239 In the brief submitted on behalf of appellees it is stated that "appellee asserts that the plaintiff who seeks a partition by licitation must have the exact same elements of ownership as those of the defendant against whom he asserts that right. (Emphasis supplied.) It is further asserted: "That this exact identity of the elements of ownership is required, is made clear by the provisions of LSA-C.C. art. 543 and by the jurisprudence which it is based upon." We have found no support for this assertion either in the language of the second sentence of LSA-C.C. art. 543 or the jurisprudence in question. What the code article states and what the jurisprudence stands for is that partition "is not allowed even though there is a person who is both a usufructuary and an owner." The language does not require that the parties owning an interest in property must own the exact same elements in order to require a partition by licitation. It is a prohibitory provision. The prohibition applies if there is united in one person a usufruct and ownership. As noted above we do not have that situation here. Each party holds only one kind of element. Wade Devillier holds an usufruct only; plaintiff's siblings hold in naked ownership only; and plaintiff holds in perfect ownership.
That the prohibition of LSA-C.C. art. 543 requires a holding of the two types of elements by one person is illustrated by the summarizing comment on that statement by Professor Yiannopoulous in his Louisiana Civil Law Treatise, Volume 3, Section 8 at page 38 in which he states: "The provision [Article 543] thus extends the narrow holding of that case [Smith v. Nelson, supra] so as to exclude partition by licitation of the entire property in all cases in which a person has an individual interest in usufruct and also an undivided interest in naked ownership, perfect ownership or both." (Emphasis added.)
If it is argued that plaintiff Louella Devillier Langlinais disqualifies herself because she holds all three elements of ownership, our answer is this. The proposition stems from the dicta in Smith v. Nelson. As illustrated by the facts and dicta statements in that case, the party protected held different elements with respect to different parts of the estate, i.e., usufruct of the portion belonging to the children and perfect ownership of the one-half held in his own right. Here Louella Devillier Langlinais has perfect ownership of the whole of her undivided one-fourth interest in the estate. No dismemberment of her title will result from sale free of the usufruct.
USUFRUCTUARY'S RIGHTS
Granting plaintiff in this case the relief prayed for, a partition by licitation, will defeat the right of the defendant father to continue to reside on the property as usufructuary and to enjoy the benefits of the elements thereof, the usus and fructus. Nevertheless, such a partition will protect his rights and merely recast the form of the estate over which he holds the usufruct, LSA-C.C. art. 615 as revised and enacted in 1976[5] provides as follows:
Art. 615. Change of the form of property
When property subject to usufruct changes form without any act of the usufructuary, the usufruct does not terminate even though the property can no longer serve the use for which it was originally destined.
When property subject to usufruct is converted into money or other property without an act of the usufructuary, as in a case of expropriation of an immovable or liquidation of a corporation, the usufruct does not terminate but attaches to the money or other property.
Under the provisions of Article 615, the partition sale of the property involved in this suit should be ordered subject to the rights of the usufructuary, the sale of the whole property to be ordered free and clear of the usufruct, but with the proceeds of the sale of which plaintiff's siblings hold the naked ownership (three-fourths of the proceeds) to pass to, and be remitted to, *1240 Wade Devillier. Thereafter he shall hold such proceeds as usufructuary until the termination of his usufruct.
For the foregoing reasons the judgment of the trial court maintaining defendants' peremptory exception of no right of action and dismissing plaintiff's action is hereby reversed. This case is remanded to the trial court for proceedings not inconsistent herewith. The costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] See LSA-C.C. art. 544 as enacted in 1976 and Articles 540 and 541 of the Louisiana Civil Code of 1870. (The latter two articles are now reproduced in the 1976 revision of LSA-C.C. art. 544.)
[2] LSA-C.C. art. 916 provides as follows:

Art. 916. In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a [in] usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage.
It should be noted that the redactors of the 1976 version of LSA-C.C. art. 543 included Comment paragraph (d) which specifically provides that this new article "is applicable to the usufruct of the surviving spouse under Article 916 of the Louisiana Civil Code of 1870."
[3] LSA-C.C. art. 605 in its former version read as follows:

Art. 605. The owner may mortgage, sell or alienate the thing subject to the usufruct, without the consent of the usufructuary, but he is prohibited from doing it in such circumstances, and under such conditions as may be injurious to the enjoyment of the usufructuary.
Its successor article (LSA-C.C. art. 603), under the revision of 1976, reads as follows:
Art. 603. Disposition of the naked ownership; alienation or encumbrance of the property.
The naked owner may dispose of the naked ownership. He may also alienate or encumber the property subject to the usufruct, but he cannot thereby affect the usufruct.
[4] The author of the cited comment has criticized the holding in Fricke v. Stafford in 24 La.L.Rev. 885, at pages 887 and 888. The author states that the plaintiff in Fricke v. Stafford "held the same form of ownership in common with others owning interest in perfect and naked ownership; and, therefore, he should at least be able to force partition of those interests." The author states:

Had the court recognized that holding in common referred to elements of ownership, the plaintiff would have been able to partition the entire property since his interest in perfect ownership gave him elements in common with all co-owners including the usufructuary.
[5] Act. No. 103 of 1976 of the Louisiana Legislature.