DOMENGEAUX, Judge.
This suit for a partition in kind was instituted by plaintiffs who seek to be vested with the full, perfect ownership of a determinable piece of property in which they own an undivided one-half interest.
The facts reveal that the plaintiffs, John W. Humble, Sr., John W. Humble, Jr., and Richard Wynn Humble, are the owners of an undivided one-half interest in approximately 320 acres of land which consists of three separate parcels. The other undivided one-half ownership interest is owned in naked ownership by defendant John W. Nu-gier Real Estate & Insurance Agency, Inc., subject to a usufruct owned by the other defendant, Mary Ellen Abshire.
In due course, after suit was filed, plaintiffs filed a motion for summary judgment *207 in the trial court. They introduced affidavits clearly evidencing that the property was divisible in kind. They also introduced the deposition of John W. Nugier, the president of the defendant family owned corporation. No opposing affidavits or other evidence was submitted by the defendants. The trial court granted the motion for summary judgment and ordered the partition.[1] We affirm.
Only the defendant John W. Nugier Real estate & Insurance Agency, Inc. has appealed.
The facts in this case are uncontested. The sole issue is, a legal question, whether the trial court erred in granting the partition in kind as requested by the plaintiffs.
The pertinent Civil Code Article, cited by both parties for their respective positions, is Article 543, which reads as follows:
“A coowner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner.” (Acts 1976, No. 103, § 1, eff. Jan. 1, 1977).
The official comments listed under the article are significant. Comment (a), applicable in our present case, states:
“(a) The first sentence of this article allows partition of the property in kind, that is, free of the usufruct, at the demand of a person to the extent that he holds undivided interests in usufruct and in ownership. There is no contrary holding in Louisiana jurisprudence. In the leading ease of Nelson v. Smith, 121 La. 170, 171, 46 So. 200, 201 (1908), the question was left open: ‘We may remark, in conclusion, that, it having been conceded that the property here in question is not susceptible of division in kind, we have not felt called upon to express an opinion upon the question.’ In France, commentators and jurisprudence are in agreement that property susceptible of division in kind may be so partitioned, when the same person holds undivided interests in usufruct and in ownership. As a result of such a partition, the person holding undivided interests in both usufruct and ownership may acquire perfect ownership over certain individually determined things. See 3 Planiol et Ripert, Traité pratique de droit civil franpais 758 (2d ed. Picard 1952). This question has been resolved in favor of the availability of partition in kind in appropriate circumstances.” (Emphasis added).
This stated policy, in favor of partition in appropriate circumstances, is supported by Civil Code Article 1289, which says:
“No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition.”
Appellant argues that partition in kind is inappropriate in this case based on Comment (c) to Civil Code Article 543, which says:
“(c) In the absence of elements held in common, partition in kind or by licitation among naked owners and usufructuaries is excluded. Smith v. Nelson, 121 La. 170, 46 So. 200 (1908); 2 Aubry et Rau, Droit civil franpais 639 (7th ed. Esmein 1961). These persons do not hold the same type of interest by undivided shares, i. e., they do not possess rights of the same nature over the same object. Partition upon demand of the usufructu-ary would constitute, in effect, denial of ultimate perfect ownership; partition upon demand of the naked owner would result in termination of the usufruct or in its transfer to the proceeds of the sale of the property.”
*208 Defendant-appellant argues that the plaintiffs cannot seek a partition as they do not hold any element in common with the defendants. This is based on plaintiffs owning the perfect ownership of a one-half undivided interest while one defendant-appellant owns an undivided one-half naked ownership subject to the other defendant’s ownership of the usufruct.
This argument must fall for two reasons. First, plaintiffs do hold the same elements held by all the defendants. Plaintiffs, as the perfect owners of an undivided one-half, have the three constituent elements of civil law ownership, namely, the usus, fruc-tus, and abusus, (rights to use, enjoy and dispose). Defendant-appellant, John W. Nugier Real Estate & Insurance Agency, Inc., as naked owner of the undivided one-half interest, has the right of abusus. Defendant, Mary Ellen Abshire, as the usu-fructuary of an undivided one-half interest, has the usus and the fructus. Thus the plaintiffs do hold the same elements in common when compared to both defendants.[2]
The second reason defendant-appellant’s argument must fall is based on Civil Code Article 1289, supra. The strong statement of policy in that article makes it clear that partitions are favored in the law, and no one should be required to hold property in indivision with another. According to defendant-appellant’s reasoning, a party could easily prohibit a co-owner in indivision from the valued right of partition. All that the party would need to do is separate the elements of ownership by the granting of a usufruct. In this situation all of the elements would not be held in common by the same parties and partition would be unavailable. The stated policy favoring partition should not be so easily circumvented.
In accordance with the foregoing, the judgment of the trial court ordering the partition is affirmed.[3] All costs of this appeal are taxed to the defendant-appellant.

AFFIRMED.

. Defendant Nugier, Inc. also filed a motion for summary judgment claiming that a partition, either in kind or by licitation, is not, as a matter of law, allowed herein inasmuch as the plaintiffs and one defendant are naked owners and the other defendant is a usufructuary. They claim that the different elements of perfect ownership are not held in common, thereby precluding partition. The District Judge denied defendant’s motion.

. For a challenging discussion of the component parts of ownership, see case note “Civil Law Property — Partition of Land Subject to a Usufruct,” XXIV Louisiana Law Review 885.

. We deem it noteworthy to make reference to a recent case, Devillier v. Devillier, 371 So.2d 1230 (La.App. 3rd Cir. 1979). Although that case had to do with a partition by licitation, making it factually different from the case at bar, it nevertheless involves some of the same legal issues. We cite the Devillier case to show its consistent holding in cases involving partition by licitation, vis-a-vis our holding herein granting a partition in kind.