CUTRER, Judge.
This appeal arises out of demands for partition by licitation of certain property owned in indivisión by the parties. Included, within the property in question, are both property acquired by inheritance and by purchase.
In 1959, Joseph Pasternack sold two parcels of property to his two children, Joe, Jr., and Betty. The ownership of those two parcels was purchased in indivisión by the latter.
Joseph Pasternack died testate in 1963. He was survived by his wife, Agatha, and two children, Joe Pasternack, Jr. (Joe, Jr.), and Betty Pasternack. Pasternack left his portion of the community and some separate property to his two children subject to the usufruct of his surviving spouse, Agatha Pasternack. In 1979, Agatha Paster-nack died testate. She left her property to her grandchildren, the son of Joe, Jr., and the three children of Betty Pasternack Samuels and her husband, Harold. Joe, Jr. was named trustee of the one-half interest left to his son and Harold Samuels was named trsutee of the one-half interest left to the three Samuels children. Betty Sam-uels was left the usufruct over the property inherited by her children. Joe, Jr. and Betty were named co-executors of the succession of their mother, Agatha.
Joe, Jr. brought suit against Betty Samu-els, individually, for a partition by licitation of the two parcels of property previously purchased by them from their father.
Joe, Jr. also sued Betty Samuels, as a co-executor of the Succession of Agatha Pasternack, for a partition by licitation of 69 parcels of succession property. In the suit against the succession, exceptions of no cause of action, prematurity and non-join-der of indispensable parties were filed. These exceptions were overruled by the trial court. By answer, Betty Samuels alternatively pleaded that a partition by licitation of the succession property was prohibited by LSA-C.C. art. 543. After trial on the merits the trial court rendered judgment recognizing that the parcels of succession property were owned one-fourth each by Joe, Jr., Betty, the trustee for the children of Joe, Jr., and the trustee of the Samuels children. The trial court ordered the succession property divided into four groups of equal value. The ownership of each group was to be determined by drawing lots. The trial court designated this as a “partition in kind.” In his reasons for judgment the trial judge made no mention of the effect or the disposition of the usu-fruct held by Betty Samuels over the portion of the succession property inherited by her children.
The trial court also failed to rule on the demand for partition by licitation by Joe, Jr. against Betty of the two parcels of property purchased by them from their father in 1959. Counsel for the parties, however, have stipulated that these two parcels are not divisible in kind and that this court render judgment ordering same to be partitioned by licitation. This stipulation is in full accord with the undisputed evidence in the record. An order will be issued accordingly under the provisions of LSA-C.C.P. art. 2164.[1] The suit will be remanded for such partition proceeding.
As to the demand for the partition by licitation of the succession property, several serious issues are presented, including the unauthorized partition of the property set forth in the judgment rendered by the trial court.[2]
*292 The conclusion that we have reached in our consideration of the effect of LSA-C.C. art. 543, however, renders it unnecessary for us to discuss the remaining issues.
EFFECT OF LSA-C.C. ART. 543
Partition of land held by co-owners in indivisión is governed by the Civil Code, of which article 543 states:
“A coowner whether or not he is also a usufructuary of an undivided part of a thing may demand its partition in kind to the extent necessary to enable him to obtain the perfect ownership of a determined part. Partition by licitation is not allowed even though there is a person who is both a usufructuary and an owner.” (Emphasis added.)
This code article is new; however, it is merely a codification of prior Louisiana jurisprudence. The comments following the article are helpful in determining its intent. Comment (b) states:

“The second sentence of this article excludes partition of the entire property by licitation even though there is a person who is both a usufructuary and a naked owner. It restates a rule established by Louisiana jurisprudence and does not change the law. Smith v. Nelson, 121 La. 170, 46 So. 200 (1908); Succession of Glancey, 112 La. 480, 36 So. 483 (1904); Fricke v. Stafford, 159 So.2d 52 (La.App. 1st Cir. 1963).”

The facts of the early case of Smith v. Nelson, supra, are as follows: Mr. Smith died leaving a surviving spouse and three children. Mrs. Smith subsequently married Mr. Nelson but no children were born of that union. Mrs. Nelson died testate, survived by her second husband and the children of the first marriage. She left her children the full ownership of the property of the first community, subject to a usu-fruct granted to Mr. Nelson. Upon Mr. Nelson’s remarriage the children filed for partition by licitation of the property over which Nelson had a usufruct. Mr. Nelson filed an exception of no cause of action which was upheld by the Supreme Court. The court stated as follows:
“The law which confers the right to the partition of a ‘thing held in common’ has no application to those who hold, respectively, the fragments of a dismembered title to the same immovable property, for the reason that in such case, the title being dismembered, each part is a distinct thing, held by a different owner, and there is no ‘thing held in common. ’ It is clear, therefore, that as between plaintiffs, as owners of an undivided interest in the naked title to the property in question, and defendant, as usufructuary (of such interest), there is no basis for this action.”
.The jurisprudential rule of Smith v. Nelson which later became C.C. art. 543, has the effect of prohibiting a partition by licitation of any of the succession property herein since Betty Samuels owned an interest in same and had a usufruct over a pqrtion of each parcel. However, art. 543 does not prohibit a partition in kind of such property. We now turn to the evidence to ascertain whether any of the property could be partitioned in kind. Joe Pasternack, Jr. testified as an expert in real estate. He stated that approximately 99% of the property in question is located in the Town of Ferriday, Louisiana. He stated that none of the succession property could be divided in kind; that is, the property could not be divided without a diminution of its value or inconvenience of one of the owners. The trial court, in its reasons for judgment, complimented Joe, Jr. as being very knowledgeable about real estate.[3]
*293 Also testifying at the trial was a real estate expert, James M. McNew, who described the parcels generally as follows:

“Q. Now, generally speaking, what type of properties are these?

“A. Most of these are either vacant lots or improved lots, ranging from residential properties to commercial properties. There is some agricultural small acreage involved, but I would say most of the property is either some type of lot of some kind, either commercial or residen-tialr

This witness testified that he had examined all the parcels of property and none was divisible in kind without a diminution in value or inconvenience to one of the owners except possibly two tracts. He stated that tracts 44 and 49 could possibly be divided into four parcels without diminution in value or inconvenience to the owners. He stated that Item 44 fronts 600 feet along Lake St. John. As to Item 49, McNew stated that this parcel contains 20 acres fronting 528 feet along a highway and extending 1,650 feet in depth. He felt that this could possibly be divided in kind without a diminution of value of inconvenience of the owners.
Joe Pasternack, Jr. testified that parcels 44 and 49 could not be divided in kind without a diminution in value. He went into detail as to the reasons why such a division in kind could not be made.[4]
As we examine the testimony of these two witnesses we conclude that these two parcels were not divisible in kind. McNew’s testimony in this regard was only a general statement of conclusion that the property was divisible in kind. He gave no specifics to support his conclusion. On the other hand, Joe, Jr. was more specific and gave his reasons to support his conclusion that the two parcels were not divisible in kind. We hold that none of the succession property can be partitioned in kind. Since such property is subject to the usufruct of Betty Samuels, a partition by licitation is prohibited by art. 543. The judgment of the trial court ordering the partition of the succession property will be reversed and set aside.
For the reasons assigned, the judgment of the trial court is amended by ordering the partition by licitation of the property held in indivisión by Joe Pasternack, Jr. and Betty Claire Samuels described as follows:

*294
“(70) Lot 12 of Block 28 of the Town of Ferriday, Louisiana, together with all buildings and improvements thereon situated, owned JA by Joseph Pasternack, Jr. and !A by Betty Claire Samuels.

“(71) Lots 7 and 8 of Block 27 in the Town of Ferriday, Louisiana, together with all buildings and improvements thereon situated, subject to lease to Texaco, Inc. dated September 21, 1965, owned ¡á by Joseph Pasternack, Jr. and V2 by Betty Claire Samuels.”

This suit is remanded to the District Court for the purpose of carrying out the partitioning of these two parcels of property in accordance with law.
In all other respects, the judgment of the District Court is reversed, set aside and dismissed.
All costs of the District Court and this appeal are to be paid by plaintiff-appellant, Joseph Pasternack, Jr.
AMENDED IN PART; REVERSED IN PART AND REMANDED.

. LSA-C.C.P. art. 2164 reads:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”

. The form of judgment issued by the trial court is not authorized by law but it is interesting to note that in the recent 1981 session of the Legislature (Act 751), C.C. art. 2369.1 was adopted which authorized such partition of *292 community property by a husband and wife. This new article reads as follows:
“When the spouses are unable to agree on a partition of the community, either spouse may obtain a judgment decreeing a partition of the community in kind by allocation of assets and liabilities of equal net value to each spouse. If the community or any part thereof cannot be conveniently divided, the court shall order partition by licitation.”
This authorization does not extend to any property other than such community property.

. The trial court stated:
“. . . In fact, this Court would pay Mr. Pasternack the compliment of venturing an opinion that he is the most knowledgeable *293 person in the town of Ferriday, Louisiana, concerning real property in and about that community.”

. In his explanation of why tracts 44 and 49 could not be partitioned in kind, Joe Jr. stated as follows:
“A. This property is at the head of Lake St. John next to the Spokane Grocery Store there and in my opinion it couldn’t be divided, since one of the few parcels of property on Lake St. John on this side .... it does not have any restrictions as far as residential construction. It’s six hundred feet and as a six hundred foot parcel, I think that it has more economic value than it would as four one hundred fifty foot parcels. To begin with, if it was divided into four one-hundred and fifty foot parcels, I feel like the hundred and fifty feet closest to Ferriday would be more valuable than the hundred and fifty feet closest to Waterproof. I feel like the person that’s locked in-between two one hundred and fifty foot parcels would have less value than dealing with an outside party that homes the brick building that adjoins a hundred and fifty feet closest to Ferriday.
“Q. Alright. Are you familiar with the Item # 49, which was Lot 7 of Red Gumm?
“A. That I am.
“Q. Okay. Would you tell the Court about that property?
“A. This is approximately five hundred and twenty-eight feet on the highway going to Clayton, Louisiana, and this has the same implications. This property .. . the hundred and thirty-two feet, which is approximately a fourth of this, would be more valuable .... the first hundred and thirty-two feet would be more valuable than the second, third and fourth hundred and thirty-two feet. The first hundred and thirty-two feet adjoins property which you probably could sell. Secondly, the property, held as such, right now .... it’s being farmed, but it it’s held as such, a portion approximately a hundred and thirty-two feet long ... a hundred and thirty-two feet wide and sixteen hundred and fifty feet deep could not economically be farmed. I think you’d have a hard time finding somebody that would be interested in farming four or five acres because of the distance involved in moving equipment alone.”