667 So.2d 1091 (1995)
Shirley Weldon LINGO, Plaintiff-Appellant,
v.
Clara Mae COURMIER, Earl F. Courmier, Jr. and Anthony Wayne Courmier, Defendants-Appellees.
No. 95-542.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Rehearing Denied February 26, 1996.
*1092 Edward King Alexander Jr., Lake Charles, for Shirley Weldon Lingo.
John Lee Van Norman III, Lake Charles, for Clara Mae Courmier.
Edgar Perkins Jr., De Quincy, for Gervis Turman Weldon.
Before THIBODEAUX and WOODARD JJ., and KNIGHT[*], J. Pro Tem.
WOODARD, Judge.
Following a trial on a petition for possession and for injunctive relief, the trial court ruled on the ownership rights and interests of Shirley Weldon Lingo, plaintiff, and Clara Mae Courmier, defendant. Shirley Lingo appeals that part of the court's judgment ruling that the testamentary disposition of usufruct to Clara Mae Courmier was valid.

FACTS & ACTIONS OF TRIAL COURT
At the time of his death, Gervis Weldon, Shirley Lingo's father, was living on property he owned in indivision with her. He had an undivided seventh-eighths (7/8) full ownership interest, with a usufruct over Shirley's undivided one-eighth (1/8). Gervis, at the time of his death and for some years before, had been cohabitating with Clara Mae Courmier. Gervis's will granted to Clara Mae "... the right to stay in the home of Gervis Weldon until she decides to leave or until her death. The adjoining chicken yard is to be left as part of the home for the use of Clara Mae."
*1093 Shirley challenged the legality of her father's usufructuary benefaction to Clara Mae. Legal proceedings eventuated, and at the conclusion of the trial of the matter, the court ruled that Shirley was "the naked owner as to an undivided 7/8 of the property in question and perfect owner as to an undivided 1/8. Clara Mae Courmier has a 7/8 usufruct."
Shirley Lingo appeals this ruling.

ISSUES
The issue for this court to decide is whether the decedent, Gervis Turman Weldon, was prohibited from granting to Clara Mae Courmier a usufruct on property he owned in indivision with his daughter, Shirley Weldon Lingo. Shirley argues that this is prohibited because to sanction her father's grant would effectively burden her interest with the usufruct without her consent and against her will. She also claims that the grant is prohibited because it was to someone with whom he was living and not married, and this contravenes codal precepts proscribing dispositions contrary to laws and morals and contracts whose object is illicit and immoral.

LAW & DETERMINATION

DOES DECEDENT'S USUFRUCTUARY GRANT IMPERMISSIBLY BURDEN SHIRLEY'S OWNERSHIP INTEREST?
Generally, the right of ownership may be subject to a resolutory condition, and it may be burdened with a real right. La. Civ.Code art. 478. Usufruct is a real right. La.Civ.Code art. 535. A usufruct may be established by juridical act, mortis causa, and may be confined to certain designated advantages of use. La.Civ.Code arts. 544, paragraph (b) of Revision Comments of 545. A donor may reserve for himself, or dispose for the advantage of any other person, the enjoyment or usufruct of the immovable property donated. La.Civ.Code art. 1533.
Habitation, like usufruct, is also a real right, the right to dwell in the house of another, and the right of habitation is established in the same manner as that of usufruct, and the right may be to the exclusive use of the house or to just a part. La.Civ. Code arts. 631, 634.
Louisiana law also allows two or more persons to own property in indivision, each person owning an undivided share. La. Civ.Code arts. 480, 797. A co-owner is free to dispose of his undivided ownership interest, and a share in a thing held in indivision may be burdened with a usufruct. La.Civ. Code arts. 805, paragraph (c) of Revision Comments of 812. The provisions governing co-ownership apply to other rights, such as usufruct, held in indivision. La.Civ.Code art. 818.
The cardinal principle of the interpretation of acts of last will is to ascertain and honor the intent of the testator, ascribing meaning to a disposition so that it can have effect. La.Civ.Code arts. 1712, 1713, 2045-2050, 3531.
Shirley Lingo and her father were owners of property in indivision. He left a testament, a juridical act mortis causa, which clearly and unequivocally states his intent for Clara Mae Courmier to stay in the home and to have the use of the "adjoining chicken coop property" and certain movables. The trial court found this a valid testamentary disposition of a usufruct. We cannot say that this finding was incorrect. Codal provisions distinctly allow an owner to burden his property by testament with a real right. Both a usufruct or a right of habitation are real rights. The same applies to property owned in indivision: an owner of an undivided interest may burden his share held in indivision.
The result comports with case law. In Devillier v. Devillier, 371 So.2d 1230 (La. App. 3 Cir.), writ denied, 373 So.2d 546 (La.1979), this court implicitly approved a disposition similar to one in this case. In Devillier, four siblings held equal shares in property. Three of them gave their father usufruct over their share. The fourth did not, and after the usufructuary dispositions she sought to have the property partitioned by licitation. The court held that she was entitled to this recourse, and, in doing so, placed its imprimatur on the usufructuary dispositions, even going so far as to point out that should the property in question be sold, *1094 the usufructuary interest extended to the proceeds of the sale.
Thus, we find that this assignment of error has no merit.

IS THE USUFRUCTUARY GRANT IMPERMISSIBLE BECAUSE IT WAS TO A CONCUBINE?
Shirley claims that the usufructuary disposition of her father to Clara Mae is illegal as having an immoral object, rendering it null under La.Civ.Code arts. 1519 and 2030. However, these codal provisions are broad and general. Lingo disregards the fact that the specific codal provisions making the donation of an immovable to a concubine invalid were repealed. See Acts 1987, No. 468, § 1, eff. Sept. 1, 1987. Furthermore, this issue was apparently not litigated below, as the record is devoid of any evidence as to this concern.
This assignment of error is also without merit.

CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the trial court. Appellant-plaintiff, Shirley Weldon Lingo, is assessed with all costs of this appeal.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.